### GIFFORD v. COLE.

1. **Bill of Exceptions:** BAR DOCKET. A bar docket is not a part of a court record, and is not available on appeal to show that a case was disposed of out of its order, unless duly incorporated in or sufficiently identified by a bill of exceptions.

2. **Jury:** WAIVER OF. Where the defendant failed to appear at the trial, he will be deemed to have waived a jury.

3. ———: NEW TRIAL. The facts in this case excusing default in the court below, are not sufficient to entitle the defendant to a new trial.

*Appeal from Scott Circuit Court.*

FRIDAY, DECEMBER 9.

ACTION on a promissory note, judgment for the plaintiff and defendant appeals.

*C. C. Cole, pro se.*

*Watterman & Boyle,* for appellee.

SEEVERS, J.—The petition was filed on the first day of March 1880. By leave of the court it was verified on the 8th day of April thereafter, and on the 17th day of said month, a verified answer was filed and therein payment was pleaded. The cause was on the docket at the September term, 1880, and it appears from the court record, it came on for trial on the 14th day of September, being the second day of the term, and the defendant failing to appear a jury was waived by both parties, and a trial was had to the court and judgment rendered for the plaintiff. Afterward the defendant moved the court to set aside the judgment and for a new trial, which was overruled. It is assigned as error.

I. "The court erred in taking the case up out of its order on the docket, and without notice to the defendant affording

1. BILL of exceptions : bar docket.

an opportunity to be heard." To show the truth of this assignment the appellant has caused to be

Gifford v. Cole.

certified by the clerk as a part of the record, a docket "printed in small pamphlet form for distribution among the members of the bar." Counsel for the appellee insist such docket is not a part of the records of the court, and therefore cannot be certified to this court by the clerk or become a part of the record on appeal, unless it has been made so by a bill of exceptions duly signed by the judge, and this we think must be so.

The appellant relies on Sec. 197, subdivision 7, and Sec. 2747 of the Code. The book contemplated in the foregoing is the "appearance docket," which is materially different from what is called the bar docket. The former is by statute made a part of the records of the court. Not so with the bar docket. It is not known to or recognized by statute. It is not a part of the court records and can only become such or be made available on appeal when duly incorporated in, or sufficiently identified by a bill of exceptions. This not having been done we are unable to say this cause was taken up out of its order and tried in the court below.

II. It is next assigned as error: "The court erred in trying the cause out of its order on the docket and under such circumstances as show that a jury was not legally waived by the defendant." What has been said disposes of this assignment except as to the waiver of a jury. It is provided by statute: "Trial by jury may be waived by the several parties to an issue of fact in the following causes * * * by failing to appear at the trial." Code, § 2814. The record shows the defendant did fail to appear, and he thereby, we think, waived a jury.

2. JURY: waiver of.

III. It is lastly assigned as error: "The court erred in overruling the defendant's motion to set aside the default and grant a new trial." The judgment was not rendered by default, that is because of a failure to plead, and the real ground, as we understand, upon which this assignment is based, is that the defendant supposed he was represented by counsel and unexpectedly to him said counsel

3. ——: new trial.

withdrew from the case.   Affidavits have been filed in support of and against the motion.   From a consideration of which we conclude Mr. L. M. Fisher was not counsel for the defendant in this case.   He was not employed or even requested by defendant to appear for him on the trial of this action.   None of the pleadings were signed by Mr. Fisher.   The defendant was not therefore entitled to a new trial on this ground.

AFFIRMED.