REIHER v. WEBB.

1. **Default:** SETTING ASIDE: DISCRETION OF COURT. A large discretion is vested in the district court in the matter of setting aside defaults, and it should not ordinarily be exercised in favor of a party in default in consequence of his own negligence or that of his attorney. In this case, at the hour appointed for trial, the regular passenger train on which defendant's attorney supposed the judge would come from his home, twenty miles distant, was several hours late, and had not arrived at the time set for the trial, and the attorney, upon inquiry at the hotel where the judge usually stopped, was told that he had not come. The attorney, therefore, did not attend; and defendant himself, on account of a slight sickness, also failed to attend. There were, however, several freight trains which carried passengers, on either of which the judge might have come in time for the trial, and on one of these he did come, and judgment by default was rendered against defendant for want of an appearance at the trial. *Held* that this court could not interfere with the order of the district court in overruling a motion to set the default aside.

*Appeal from Boone District Court*—HON. JOHN L. STEVENS, Judge.

MONDAY, DECEMBER 19.

A JUDGMENT by default was rendered against the defendant, which he moved to set aside. The motion was overruled, and the defendant appeals.

*Hull & Bicksler*, for appellant.

*E. L. Green*, for appellee.

SEEVERS, J.—The facts are that a railroad company condemned the right of way over certain real estate, and paid

the money awarded by the sheriff's jury to the defendant, who was at that time sheriff. This was in 1881. This action was commenced in 1885 to recover the amount so paid. The defendant answered the petition, and admitted that he received the money, and pleaded the statute of limitations as a defense. On the 26th day of January, 1887, the cause was assigned by the court for trial to a jury on the afternoon of Monday of the second week of the term then being held. On that day the defendant failed to appear, and a judgment by default was entered against him. When court was adjourned on Saturday preceding the Monday on which default was entered, the judge went to his home at Ames, some 20 miles distant from the place the court was held. The Northwestern Railroad is constructed and operated practically through said places, and the regular passenger train from Ames usually arrived at Boone at noon, but, on the day in question, it was about three hours late, which fact was known to the attorney for the defendant. Such attorney inquired of the clerk of the hotel at which the judge usually stopped if he had arrived, and was informed he had not. The judge in fact came by a freight train, upon which, however, passengers were carried, and there were three of such trains which passed over the road from Ames westward, and which arrived at Boone prior to 1 o'clock on the day in question. The foregoing facts are shown by affidavits, and the defendant, Webb, states that he was sick with a lame back, and was unable to get out of doors, and he further states, under oath, that he received the money, and has it in his possession and under his control. A large discretion is vested in the court below in setting aside defaults, and it should not ordinarily be exercised in favor of a party in default in consequence of his own negligence, or that of his attorney. The sickness of the defendant does not appear so serious, or of such character, as to warrant us interfering with the judgment for that reason. (*Miracle v. Lancaster*, 46 Iowa, 179.) The district court had knowledge of

facts not shown by the record, such as the attendance of the bar generally at the time appointed for opening the court, and in relation to the movement of trains and amount of travel thereon, and possibly of other matters. Therefore the discretion with which the court is vested should not be interfered with, unless it quite clearly appears from the affidavits that such discretion has been improperly exercised. The attorney seems to have relied on the fact that the judge would arrive by the passenger train, and that it was late on the day in question. We think the attorney had no right to rely on such assumption, when the fact is shown that there were other trains on which he could come in time to open court at the appointed hour. In the absence of reasonable information otherwise, he should have assumed and acted on the assumption that the court would be in session at the appointed time.

AFFIRMED.