G. S. CHURCH, Appellant, v. J. F. LACY & COMPANY, *et. al.*

**Default:** VACATION: *Original notice.* Where the notice stated that a petition would be filed on or before December 1 (which was Sunday), and that the term would begin on December 9, and the petition was filed November 29, more than ten clear days before the term, the court had jurisdiction to render a default judgment, although December 1 was not ten clear days before the beginning of the term.

REMITTITUR. The inclusion in a judgment by default, for failure of the defendant to appear at the return term of the original notice, of a claim not included in such notice, is not such an irregularity as justifies the setting aside of the judgment, after the plaintiff has filed a remittitur for the amount of such claim.

NEGLIGENCE OF ATTORNEY. Code, section 2837, subdivision 3 and section 3154, subdivisions 3, 7,—granting relief from default judgments in case of accident, surprise, unavoidable casualty, or misfortune, does not cover a case where the attorney to whom defendant submitted his case, being about to remove to another city, told defendant he would inform his partner of his wishes, and leave the matter with him, but neglected to do so through forgetfulness.

*Appeal from Kossuth District Court.*—HON. GEORGE H. CARR, Judge.

MONDAY, MAY 17, 1897.

THIS proceeding is upon the petition of G. S. Church to set aside a judgment rendered on default against him in favor of these defendants at the preceding term of court, for reasons stated, and that he be allowed to defend against said action. These defendants answered, and the issues were tried to the court, and judgment rendered dismissing plaintiff's petition, from which he appeals.—*Affirmed.*

*Geo. E. Clarke* for appellant.

*J. C. Cook* for appellees.

GIVEN, J.—I. On October 11, 1889, appellees caused an original notice to be duly served on the appellant in Kossuth county, Iowa, notifying him that on or about the first day of December, 1889, a petition of these appellees would be filed in the office of the clerk of the district court of Kossuth county, Iowa, claiming of appellant one hundred and fifty dollars as damages "for over-driving a certain bay mare, from which said mare died;" and that unless he should appear and defend on or before noon of the first day of the next term to be begun on the ninth day of December, 1889, default and judgment would be entered against him. A petition was filed November 29, 1889, and, appellant failing to appear or defend, default and judgment were entered against him on the third day of the term, namely, December 11, 1889. After the term, to-wit, December 21, 1889, appellant filed this petition, asking that said judgment be set aside, and that he be allowed to defend against said

action, alleging as grounds therefor that said judgment was irregularly obtained. The original notice was that a petition would be on file "on or before the first day of December, 1889," and that the term would be begun "on the ninth day of December, 1889." It is contended that, as December 1, 1889, was Sunday, and as there were not ten clear days between that day and the commencement of the term, the court had no jurisdiction to render said judgment. The notice, it will be observed, was that a petition would be filed "on or before December 1, 1889," and it was filed on November 29, 1889, more than ten clear days before the first day of the term. There was no irregularity in rendering the judgment, so far as this contention is concerned.

II.   Appellees' action was to recover one hundred and fifty dollars damages for "over-driving a certain bay mare, from which said mare died." On proving up their damages, appellees showed that at the same time appellant had over-driven a certain other mare, to the damage of appellees in the sum of thirty dollars. Leave was given to appellees to amend, so as to include this claim, and judgment was rendered accordingly, though the amendment was not filed until five days thereafter. Appellant contends, that the court had no jurisdiction to allow this amendment, and to render judgment thereon by default, nor to render judgment thereon until the same was on file. It appears, that after the commencement of this proceeding, to-wit, May 17, 1890, appellees filed a remittitur as to said thirty dollars, leaving the judgment to stand for one hundred and fifty dollars, with interest, and for costs. Let it be conceded that the court had no jurisdiction to allow said amendment, and to render judgment thereon; yet, as by the remittitur appellant stands unprejudiced

by that action, it is not such an irregularity as would justify the setting aside of the judgment.

III. As a further ground for the relief asked, appellant alleges that about the eleventh day of October, 1889, understanding that appellees were threatening to bring said suit against him, he went to A. F. Call, Esq., a practicing attorney in Algona, and submitted a statement of the case to him, and was advised that he was not liable on the claims; that he then and there employed said Call to defend any suit that might be brought by appellees; that said Call agreed that he would attend thereto, and notify the plaintiff of any suit that might be brought, and of the time when the court would sit; that, relying upon said Call, appellant went away; that about December 17, 1889, he learned for the first time that suit had been brought, and default and judgment entered against him, and that said Call had removed from Algona, and was not regularly practicing in the courts of Kossuth county. The evidence shows that, upon being served with the notice, appellant went to the office of Clarke & Call, a firm of attorneys engaged in the practice in Algona, for the purpose of employing them to defend the case. He met Mr. Call, to whom he made his desire known, gave to him the copy of the notice, the names of witnesses, and offered to pay the retainer fee. Mr. Call informed appellant that he was soon to remove to Sioux City; that the firm would be dissolved; but that he would inform Mr. Clarke of appellant's wishes, and leave the matter in his hands to be attended to. Relying upon this, appellant gave no further attention to the case, expecting to be informed by his attorney when his attention or presence was desired, and he did not hear anything concerning the case until after the December term. Mr. Call failed to inform Mr. Clarke as to appellant's desire, and, having removed, was not

in attendance at the December term.   On the day the docket was called for entering defaults, Mr. Clarke having understood from some source that appellant intended to defend, asked counsel for appellees to withhold taking default until he could examine his books, and see whether he might not have been retained through Mr. Call to defend.   Mr. Clarke, having no information from Mr. Call, and finding no evidence of a retainer on his books, so informed appellees' counsel, whereupon, default and judgment were entered. It cannot be doubted, under the evidence, that the real and only reason why an appearance and defense were not made to appellees' action was that Mr. Call neglected to inform Mr. Clarke of appellant's desire that he should appear as his attorney, and defend the case.   It seems that, in the pressure of business incident to his removal, Mr. Call entirely overlooked this matter, and neglected to inform Mr. Clarke, as he had agreed to do.   Among the causes provided for granting relief such as that asked is "accident or surprise, which ordinary prudence could not have guarded against."   Code, section 2837, subd. 3.   Also, "irregularity in obtaining a judgment or order," and "for unavoidable casualty or misfortune, preventing the party from prosecuting or defending."   Code, section 3154, subds. 3, 7.   Mr. Call's failure to inform Mr. Clarke, as he had promised to do, was not caused by accident, surprise, unavoidable casualty or misfortune, but was clearly the result of his own neglect.   Mr. Call says: "My partner, George E. Clarke, was away at the time, and when he returned I neglected to inform him of the engagement in the case, and when I left Algona to remove to Sioux City, a short time afterwards,—about the twentieth of October, 1889,—the matter wholly escaped my attention."   Appellant cites several cases, an examination of which will show that they do not support his

contention that the neglect of Mr. Call is a sufficient ground for granting the relief asked. In *Buena Vista County v. Iowa Falls & S. C. R. Co.*, 49 Iowa, 657, the failure to make defense was "through the mistake of the attorney respecting the time of the term at which the judgment was rendered, when the mistake arose not from neglect, but misinformation." In *Ordway v. Suchard*, 31 Iowa, 481, the rule is recognized that defaults should not be set aside in consequence of the party's neglect or that of his attorneys, but it was held that, where the party was prevented from defending "on account of an accidental misplacement of the petition and notice" by his attorneys, judgment should be set aside, the other requirements of the statute having been complied with. The court says that it was the intention of the party and attorneys to make a defense; "that there was no negligence of either party or attorneys; that their failure to put in an answer within the proper time was purely accidental." In *Jean v. Hennessy*, 74 Iowa, 349 (37 N. W. Rep. 771), the attorney had been assured by the judge at the former term, that nothing further would be done in the case without notice to him; that the attorney overlooked the fact that the term of the district court would commence in January, and, relying on the assurance of the judge, did not attend the term until informed that a default had been taken. The court says: "It is not necessarily an act of negligence to rely on such assurances." The reason for granting the new trial was evidently on the ground of accident or surprise. In *Ellis v. Butler*, 78 Iowa, 633 (43 N. W. Rep. 459), default was set aside, and the party permitted to defend, upon a showing of unavoidable casualty preventing him from defending. In *Trust Co. v. Jennings*, 81 Iowa, 471 (46 N. W. Rep. 1006), a new trial was granted because the default had been entered contrary to an agreement between

counsel.    In neither of these cases was the default set
aside merely because of the neglect of counsel; and in
one, as we have seen, such neglect is held not to be
sufficient ground for setting aside a default.    This
neglect of Mr. Call is not, under our statute, ground
for granting the relief asked.    The judgment of the
district court is AFFIRMED.