SIOUX CITY VINEGAR MANUFACTURING COMPANY, Appellant, v. J. F. BODDY, A. R. MOLYNEAUX, CLARENCE A. PLANK, and MOLYNEAUX & PLANK.

**New Trial:** CASUALTY AND MISFORTUNE A new trial will not be granted on the ground that judgment by default was rendered by unavoidable casualty or misfortune, within Code, section 4091, where the secretary of defendant corporation, not charged with the management of its affairs, on being served with notice of suit, placed it in a receptacle in his office, in order to have a member of the law firm of which he was also a member prepare an answer, which notice was by him misplaced without mentioning the action to any one, or giving it any further atttention.

*Appeal from Woodbury District Court.*—HON. JOHN F. OLIVER, Judge.

TUESDAY, MAY 23, 1899.

THE demurrer to the petition for new trial was sustained; and, as the plaintiff elected to stand on the ruling, the petition was dismissed, and it appeals.—*Affirmed.*

*Swan, Lawrence & Swan* for appellant.

*A. R. Molyneux* and *C. A. Plank* for appellees.

LADD, J.—In Boddy against the Sioux City Vinegar Manufacturing Company, judgment by default was entered against the defendant at the September, 1897, term of court; and, after its close, this petition for new trial, on the ground of unavoidable casualty or misfortune, preventing the company from defending, was filed. The demurrer, among other things, questioned the sufficiency of the facts alleged to constitute such casualty or misfortune as is contemplated by the statute. Code, section 4091. The original notice was served on the secretary of the corporation, who was not charged with

any part in the management of its affairs, and the pendency
of the action was unknown to any one else connected with it.
This secretary was also a member of a law firm, though he
did nothing in the preparation of pleadings or trials of liti-
gated cases.    Having a general knowledge that the claim
was disputed, and that the company had a defense, he placed
the notice in a box or receptacle in the law office of his firm,
for the purpose of having one of his partners prepare the
defense, draw the answer and appear in the cause in behalf of
the defendant.    Through some oversight or accident the notice
was misplaced by the secretary, and the attention of neither
of the other members of the firm was called to it until after
the rendition of the judgment.    While the members of the
firm other than the secretary left for distant points a few
days after the notice was served, it does not appear that he
was called away.    It is not alleged that, from the mere placing
of the notice in the box or receptacle, the other members of
the firm would understand, from the usage of the office, that
the firm was employed, or what was to be done.    Besides, if
an answer were to be prepared, something more than the
mere handing of notice was essential, and this we must pre-
sume, was known to the secretary, who was an attorney.    He
knew he had not been called on for the necessary information
by the other members of the firm, and, as they left shortly
after the service of notice, he was in charge of the office, and
gave the matter no attention.    Whether the firm was retained
by the company, or he was authorized to employ counsel, does
not appear.    As he was charged with no part in the manage-
ment of its affairs, it would seem he could not employ counsel.
We have a case, then, of the secretary of a corporation, not
charged with the management of its affairs, who, being served
with an original notice, tossed it in a receptacle for the pur-
pose of having a member of a law firm of which he was also
a member prepare an answer and defend, which notice was
by him misplaced by oversight, without mentioning the action
to anyone, or giving it the slightest attention.    That there

was no unavoidable casualty or misfortune appears from the bare statement of the facts. It was rather a case where the officer on whom notice was served forgot or neglected to give the matter any proper attention. That under such circumstances relief cannot be had is well settled. *Insurance Co. v. Rodecker,* 47 Iowa, 165; *Grove v. Bush,* 86 Iowa, 98; *Church v. Lacey,* 102 Iowa, 238; *Jones v. Leach,* 46 Iowa, 187; *Mogelberg v. Clevinger,* 93 Iowa, 736.—AFFIRMED.