JOHN BYRNES v. THE AMERICAN MUTUAL FIRE INSURANCE COMPANY, Appellant.

**Defaults:** AFFIDAVIT OF MERITS: *Held insufficient.* An affidavit of merits in support of a motion to set aside a judgment by default against a corporation stated that the affiant, the secretary of the defendant, had been informed by an attorney that defendant had a defense, and that affiant believed that he had placed the papers in the case in the hands of the attorney with

the view to making the defense, but found that they had been misplaced in his office, and that the failure to make a defense was due to such mistake. *Held*, that the affidavit disclosing merely carelessness and inattention to duty on the part of affiant, the action of the trial court in denying the motion would not be disturbed.

**Mutual Insurance Company:**   UNAUTHORIZED ABSOLUTE POLICY:   *Absolute money judgment.*   Though the by-laws of a mutual fire insurance company provide that the funds for the payment of losses shall consist solely of moneys raised by assessments, the policy issued by the company or association being an absolute promise to pay a certain sum in case of loss, it is proper that a judgment against it should be entered as an absolute money judgment.

*Appeal from Howard District Court.*—HON. A. N. HOBSON, Judge.

SATURDAY, OCTOBER 19, 1901.

ACTION at law upon a policy of fire insurance. Judgment was rendered against defendant by default for the sum of $2,000, with interests and costs. From an adverse ruling on an application to set aside such default and judgment, defendant appeals.—*Affirmed.*

*McVey & McVey* for appellant.

*John McCook* for appellee.

WATERMAN, J.—We prefer to consider the merits of the issue presented, and the conclusions we reach render it unnecessary to notice a number of questions raised by appellee which relate to the sufficiency of the record and to defendant's standing in this court on appeal. This action was brought for the October term, 1899, of the district court, the original notice having been served in the month of July, and the petition filed in the month of August preceding. Default was entered on the tenth day of October, 1899. On the nineteenth day of the same month defendant filed its motion to set aside such default, supported by affidavits of

merits, and accompanied by an answer which set forth a defense.  The showing of excuse is made by the secretary of defendant company, and, after stating that upon examination of the facts affiant believed defendant had a complete defense to the action, proceeds as follows:  "I further state that I have had two or three interviews with A. H. McVey, Esq., an attorney at law, of Des Moines, Iowa, concerning said cause, and the nature of said defense; that one of said interviews was before said suit was brought, and one or two afterwards; that I outlined to him, in a general way, all the facts which I had ascertained in connection with said cause, and I was advised by him that the same presented a defense to plaintiff's claim.  I further state that I am absent from the office a great deal in connection with the defendant's business, and that I believed and thought I had placed the papers, proofs, and original notice in the hands of A. H. McVey, with a view to making a defense in said cause, but found that said papers had been misplaced in the office, and instead of being, as I supposed, in the hands of A. H. McVey, they were in fact misplaced in said office, and I was thus misled in supposing that the papers were in the hands of the said attorney with a view to making a defense in said cause; that there was no purpose or object on the part of myself or said company to delay making an answer in said cause, or to delay the trial of said cause in any way, but that failure to make a defense and file an answer on the second day of the October term of this court was on account of unavoidable mistake and the misplacing of the papers, and the misapprehension upon my part as to what in fact had been done."  About all that is disclosed here is a matter of carelessness and inattention to duty on the part of this officer.  This affords no ground for interfering with the action of the trial court.  *Sioux City Vinegar M. Co. v. Boddy,* 108 Iowa, 538; *Church v. Lacy,* 102 Iowa, 235; *Jones v. Leech,* 46 Iowa, 186; *Grove v. Bush,* 86 Iowa, 98.  A large discretion is reposed in the

trial court in passing upon applications of this kind. *Mogelberg v. Clevinger,* 93 Iowa, 736.   We have in many cases affirmed the action of the trial court in setting aside the default, when we should not have reversed it had the holding been the other way.

II.   It is said by counsel, and the answer tendered avers, that defendant is an assessment company, and has no funds with which to pay losses, save as·derived from assessments on its members, and therefore the court was without jurisdiction to render an absolute money judgment.

The policy was in the ordinary form for $2,000. Nothing on its face indicated that it was not an absolute promise to pay the sum named in case of loss.   As the case stood before the trial court, plaintiff was legally entitled to the judgment given.   The provision of the by-laws set out in the answer tendered is as follows:   "The funds of this company for the payment of losses and expenses of conducting its business shall consist exclusively of moneys raised by assessments and advanced payments upon the pledges and obligation given by the members of this company for their insurance."   If the company, in the face of this provision, chose, for a consideration received, to issue a policy promising payment of a fixed sum in case of loss, we think the assured would have a right of action at law to recover it.   *Follis v. Association,* 94 Iowa, 435; *Matthes v. Association,* 110 Iowa, 222; *Beach v. Wakefield,* 107 Iowa, 567.

Our conclusion is, there is no showing of a sufficient reason for interfering with the judgment rendered, and the same is therefore AFFIRMED.