HENRY WEITZEL, Appellant, v. JOHN LIEUWEN et al., Appellees.

**JUDGMENT:** Opening or Vacating—Negligence—Insufficient Explanation. An attorney who takes no steps to learn whether a trial notice has been filed by his antagonist, or whether the cause has been set for trial, and relies on the clerk of another county where the cause is pending to send him a printed calendar and a notification of the time of trial, without any arrangement that the clerk would so do, is guilty of such negligence as will justify the trial court in refusing to set aside a judgment entered in the absence of the non-appearing parties.

**APPEAL AND ERROR:** Review—Presumption—Filing Notice of Trial. On appeal it will be presumed, in the absence of a counter showing, that an order of the lower court setting for trial a cause which had been once continued was preceded by the proper filing of a notice of trial. Section 3658, Code, 1897.

**TRIAL:** Notice of Trial—Personal Service Not Required. Litigants and their counsel are required to take notice of the filing of trial notices.

**TRIAL:** Notice of Trial—Printed Calendars—Non-duty of Clerk. The clerk of the district court is not, by virtue of his official position, under any duty to notify attorneys of the time of trial of their causes, or, without request, to personally furnish them copies of the printed calendars.

*Appeal from Wright District Court.*—JOHN L. KAMRAR, Judge.

MONDAY, MAY 14, 1917.

MOTION to set aside a judgment entered against the plaintiff. Motion overruled. Plaintiff appeals. Opinion states the facts.—*Affirmed.*

*Fitzpatrick & Farmer,* for appellant.

*Nagle & Nagle,* for appellees.

GAYNOR, C. J.—On the 21st day of

1. JUDGMENT: opening or vacating: negligence: insufficient explanation. April, 1914, the plaintiff filed his petition in the district court of Wright County, alleging that, on or about the 13th day of August, 1913, he entered into a written contract for the purchase of certain lands from the defendant at the agreed price of $17,150, to be paid as follows: $650 cash; $2,500, March 1, 1914. Plaintiff assumed the payment of a mortgage of $4,000, bearing 5½ per cent interest, and also agreed to execute a mortgage for the balance of the purchase price, with interest at 5½ per cent, 10 years, optional payments. It was further agreed that title to the property should be good, and, if not, the agreement should be void; that, if the title was good, or made good, the $650 earnest money should be forfeited as liquidated damages, in the event plaintiff failed to perform his covenants in the contract. Plaintiff says that the defendant misrepresented to him touching the $4,000 mortgage; told him that there was no mortgage on the land; that, upon paying the $2,500, March 1, 1914, the balance would be $14,000, and that plaintiff would have the optional time mentioned in the contract for paying this entire sum; that, as a matter of fact, there was already a mortgage of $4,000 due long before the time fixed by the optional agreement; that he could not read

English, and that it was represented to him that the contract provided that the $14,000 should come within the optional agreement of payment. He claims that he paid the $650, and was ready and willing to pay the $2,500 on, the first of March, 1914. Plaintiff says that the writing does not express the true contract, and that it was a fraud upon him, and asks that it be reformed to show the true contract, and prays that the $4,000 mortgage be required to be released so that the land will be free and clear from all incumbrance, as required by the contract, subject only to the $14,000 to be made in optional payments. Plaintiff further prays that, in the event that this cannot be done, the contract be set aside and held for naught, and that he be permitted to recover his $650.

To this petition, the defendants, on May 5, 1914, filed an answer, in substance: Admit that they sold the land in question to the plaintiff for $17,150, and say that the real contract was as written. Further, that plaintiff has failed to perform his contract, as required by its terms; that, on the 16th day of March, they served upon the plaintiff written statutory notice of intention to forfeit; deny that they ever misrepresented any fact to the plaintiff; deny that they told him that there was not a mortgage already upon the land; allege that he knew of and agreed to assume the mortgage of $4,000; say that, at the time they sold the land to plaintiff, there was a mortgage of $4,000 on it; that this fact was brought to the knowledge of the plaintiff; that this mortgage plaintiff agreed to assume, and agreed to give defendant a note and mortgage for the balance of the purchase price, after deducting the $650 cash payment, $2,500 to be paid on March 1, 1914, and the $4,000 mortgage assumed; deny each and every allegation of plaintiff's petition.

Defendants further, by way of cross petition, alleged: That plaintiff failed to make the payment of $2,500 on

March 1, 1914, as agreed in his contract; that thereupon, the defendants served upon the plaintiff the statutory notice to forfeit the contract for a breach of covenants.; that defendants have declared said contract at an end, and pray that plaintiff's petition be dismissed and that they have a decree barring and cutting off all claims of the plaintiff in and to said land by virtue of said contract or otherwise.

On the 15th day of December, 1914, the cause came on for trial upon the issues tendered. The defendants appeared in court by their attorneys, Nagle & Nagle, and the plaintiff, though called upon to appear, did not appear either in person or by attorney. The cause proceeded to trial, and was finally submitted to the court. The court found that the plaintiff was not entitled to a reformation of the contract as claimed by him; that the written contract fully expressed the agreement between the parties. It further found that the plaintiff had made default in the payment and had breached his contract; that, upon the 19th day of March, 1914, the defendant served upon him written notice of intention to forfeit within 30 days; that plaintiff failed and neglected to make the payment of the $2,500 within 30 days; that said forfeit became complete; that the plaintiff is not now entitled to have any claim or interest in the real estate described in his petition.

It was therefore. decreed that the contract be, and the same was, canceled, and all interest in the plaintiff, under the contract, was barred and cut off. It was decreed further that the defendants were the owners of the real estate, clear of any lien or claim on the part of the plaintiff in or to said land, or to the purchase money paid at the time the contract was made.

On the 16th day of December, 1914, plaintiff appeared by his attorney and filed a motion to vacate and set aside the judgment and order entered by the court, and based his right to have the judgment and order set aside upon an

affidavit made by one of his attorneys, stating substantially: That the first knowledge that plaintiff's attorney had that the cause was set for trial was on December 15, 1914, about 7:30 in the evening after the judgment had been entered; that neither the plaintiff nor his attorneys had any notice or knowledge that the cause was set for trial until that evening; that, on the evening of December 15th, they called the clerk over the telephone from Mason City, and were informed that judgment had been entered against the plaintiff; that the first intimation they had that the cause might be called for trial was on December 15th; that they learned that certain persons had been subpoenaed as witnesses in the cause; that they endeavored to reach the defendant by phone, but were unable to reach him by reason of the fact that he had no home phone; that they called upon the attorneys to communicate with the clerk; that they then, for the first time, learned the facts, as before stated.

The excuse for not being present at the time of the trial, the excuse for not knowing that their case was assigned for trial, the excuse for not knowing that the trial notice had been filed by the defendant in the cause, is substantially as follows: The plaintiff's attorneys reside in Mason City. They were informed and believed that the clerk would notify them of the assignment of said cause for trial; that he would send them a calendar. They allege that they relied upon the clerk to do this; that he did not do it until after the judgment had been entered, and not until after he had been called up over the telephone by plaintiff's attorneys. They say that their absence at the time of the trial was not due to any default on their part, but to the misunderstanding and lack of knowledge that the cause had been assigned for trial. They say they have a meritorious cause of action, and will be greatly injured if the motion is not sustained.

**2. APPEAL AND ERROR: re-view: pre-sumption: filing notice of trial.**

The only question in this case is the sufficiency of this showing to excuse the conduct of the plaintiff and his attorneys in not keeping in closer touch with the case and informing themselves of the fact—that must have appeared of record in the cause—that the cause had been noticed for trial and had been set for trial by the court for the December term. There is a direct line of railway between Mason City, where plaintiff's attorneys reside, and Clarion, where court was held. The distance is only about 75 miles. It does not appear that the plaintiff made any arrangements with the clerk to give them the information that they complain now he failed to give them. Our statute, Section 3658 of the Code of 1897, provides:

"In any case once continued, where an answer is on file, either party desiring to bring such cause on for trial at any term shall, at least 10 days before such term, file with the clerk a notice of trial, and no such cause shall stand for trial unless a trial notice be so filed, except by consent of parties."

**3. TRIAL: notice of trial: per-sonal service not required.**

The only showing made by plaintiff on this point is that he did not file a trial notice. There is no showing that the defendants did not file a trial notice. The court assigned the case for trial, and we must assume that the defendants—in the absence of any showing to the contrary—had filed a trial notice that justified the action of the court. Therefore, at least 10 days before the cause was reached for trial, the plaintiff did have the notice which the law requires to be given to parties litigant, of the fact that the case would be for trial at the December term. In the absence of any understanding or agreement with the clerk, neither the plaintiff nor his attorneys had a right to rely upon the clerk to give them notice of the fact thus

appearing of record. It will be noticed that the statute does not require this trial notice to be served upon the litigant. It is to be filed with the clerk, and parties must take notice of this filing, for that is the purpose for which it was required to be filed, and they must govern themselves accordingly. There is absolutely no showing of diligence or of even ordinary effort on the part of plaintiff and his counsel to keep themselves informed of the condition of the record in this case.

In *Williams v. Wescott*, 77 Iowa 332, a question similar to the one here was considered by this court. The facts there that might excuse the complaining party were stronger than are presented in this case, but it was held that they were not excused. The particular matter is discussed on page 337.

4. TRIAL: notice of trial: printed calendars: non-duty of clerk.

It is no part of the clerk's duty to inform parties to a suit of the condition of the record at any particular time, or of the action about to be taken, or taken, by the court, and parties have no right to rely upon his doing so. There is not even a showing of a general custom on the part of the clerk to notify persons outside the county of the condition of the record in causes pending in which they are interested. There is no showing even that it was the custom of the clerk to send calendars to the attorneys, showing the state of the record. There is no showing that it was the custom of the clerk, or that they had a right to believe that the clerk would give them any notice as to when the cause was set for trial. The duty of the clerk is to keep the records. It is the duty of the parties to a suit to see from these records kept by the clerk what these records show. A party and his attorney must take notice of the time and place of holding court, and of the position of the cause on the calendar, and be present when it is called for trial. It is true that Section 3661 of the Code of 1897 provides that the clerk shall furnish the

court and the bar with a sufficient number of printed copies of the calendar. These copies are not official records. *Gifford v. Cole,* 57 Iowa 272. It is true that, if the plaintiff had made inquiry of the clerk and had been given incorrect information leading to a conclusion that the case would not be for trial at the December term, or if the calendar required to be furnished by the clerk had given incorrect information touching this fact, and plaintiff had relied upon the information so given, an additional question would arise. See *Logan v. Southall,* 137 Iowa 372. In *Hueston v. Preferred Acc. Ins. Co.,* 161 Iowa 521, it was said:

"While one may not be indulged in placing full reliance upon the bar docket, to the exclusion of ascertaining what the official record shows as to the status of causes in which he may be interested, yet where the printed docket is misleading to the attorney, or fails to give to him the information which he reasonably may expect to be there, and when, upon discovering his mistake, immediate action is taken to protect the interests of his client, we would be reluctant to hold that the trial court, with its knowledge of the situation and of the methods of practice in its court, had abused discretion in setting aside a default and judgment obtained under such conditions."

In this case, the action of the court in setting aside the default was justified, on the ground that the bar docket was the means of information upon which attorneys have come to rely as showing pending causes, and that, upon an examination of the copies of the calendar furnished by the clerk, he was misled into thinking that the case was not for trial, because it did not appear on the list of cases noted for trial. We do not think this statute, requiring the clerk to furnish the court and bar with printed copies of the calendar, requires the clerk to do more than furnish them for those who request them, or to place them in a

position where those who desire them may have them for examination. It is not his duty to deliver personally to every attorney who may appear for a litigant in the court, a bar calendar, nor is it his duty to search the records, ascertain the address, and mail the calendar to every attorney who appears of record in the cause, except upon request. Nor do we think that an attorney having a cause pending in court excuses his own negligence in not ascertaining the true state of the calendar by the simple showing that the clerk failed to mail him a printed copy of the calendar. It does not appear that printed copies of the calendar were not prepared by the clerk and ready for every attorney who desired a copy. It does not appear that the printed copy of the calendar did not show that this case was assigned for trial. Assuming that the clerk performed this statutory duty, we must also assume that a copy of the calendar was prepared by the clerk, and that it showed upon its face the fact that this case was noticed for trial. Nothing to the contrary appearing, we must assume that the defendant had filed with the clerk a trial notice. By the slightest effort on the part of plaintiff or his counsel, the plaintiff could have known, long before this case was reached for trial, the fact that it was noticed for trial. It is asserted, and not denied, that the court had been in session nearly two weeks before this case was reached. The trial notice must have been on file ten days before the court went into session.

We think the court was justified in finding that the plaintiff and his counsel were not diligent; that they were, in fact, negligent; and that the conditions that now confront them, and of which they complain, are conditions brought about by their own culpable negligence. We think the court did not abuse its discretion. In fact, we do not think the court, under the record, could well have done

otherwise than it did, and preserve the integrity of court procedure. The cause is therefore—*Affirmed*.

LADD, EVANS and SALINGER, JJ., concur.