D. H. HAWTHORNE, Appellee, v. C. F. SMITH, Appellee, et al., Appellants.

**JUDGMENT:** Setting Aside Default—Neglect. Record held to justify the refusal to open a default by reason of the neglect of the party and his attorney.

*Appeal from Monona District Court.*—W. G. SEARS, Judge.

FEBRUARY 12, 1924.

REHEARING DENIED MAY 16, 1924.

APPEAL from the ruling of the trial court refusing to set aside a default, on the application of appellants.—*Affirmed*.

*Don C. Lutz* and *P. W. Harding,* for appellants.

*H. B. Walling* and *Jepson, Struble & Anderson,* for appellees.

PRESTON, J.—The default and judgment were entered November 18, 1920. This application was filed May 5, 1921, two terms of court having intervened. It was under Section 4091, Paragraph 5, of the Code, and on the ground of unavoidable casualty or misfortune, preventing a defense. No question is made as to the form of the application. The November term began on the first day of November. The original notice, served October 11, 1920, at Charter Oak, in Crawford County, recited that the plaintiff's petition would be on file October 22, 1920, and

that default would be taken on the second day of the term, November 2d. The petition was in fact filed by October 22d. As shown, the default was not in fact entered until more than two weeks thereafter.

In appellant's original application, filed May 5th, appellant stated, as his sole ground for setting aside the default, that, "*shortly prior* to said November term of court, defendant consulted personally with his attorney, of Denison, Iowa, respecting the service of said original notice, and then and there retained the services of said attorney to defend the said action, and *delivered said notice to him.*"

By an amendment to the application, filed October 7, 1921, he withdrew the statement "shortly prior to said November term of court," and states that said transaction occurred on the afternoon of *November 4,* 1920. The original application then goes on to say that, at the time stated, in the hearing and presence of defendants, the attorney immediately communicated with the clerk of said court at the county seat in Denison, by telephone from the office of the attorney, and stated to the clerk that he had before him the original notice, and gave the title of the case to the clerk, and inquired of the clerk whether a petition had been filed, as stated in the notice, and that the clerk informed the attorney that no such petition had been filed; that, since he supposed that the action had been abandoned, no further action was taken by way of defense. The amendment before referred to further recites the matters before set out, as to the service of the notice in Charter Oak, etc. The application and amendment were submitted to the trial court, and were overruled December 6, 1921.

It appears that thereafter, on January 30, 1922, counsel for defendant orally requested the court for permission to again amend his application by interlineation, or by adding thereto, as a further reason for his default, the following:

"That, at the time of the service of the original notice in the principal case upon the said Geo. Schleis, Sr., he requested the sheriff to hand the copy of the original notice to P. W. Harding, his present attorney, and ask him to look after the matter for him, and that the said sheriff failed and neglected so to do, and that the said attorney knew nothing about the

matter until *after* default had been entered in the principal case.''

Said amendment was not filed. The court, on February 8, 1922, entered an order denying leave to so amend. The order and record recites, in part, that the court ''finds that the issues raised in the application and amendment were fully submitted, and that, on December 6, 1921, entered a judgment dismissing said application, and the court now being of the opinion that to permit the amendment requested would necessitate the setting aside of the judgment entered December 6th, and the introduction of testimony to sustain the new issues tendered by the amendment now offered, and the court being further of the opinion that, even if defendant were permitted to file the requested amendment and was able to sustain the allegations thereof by proof, that it would not be sufficient to excuse the neglect and default of defendant in the principal case. It is therefore ordered that the request of said defendant to further amend his petition is denied.''

The trial court could perhaps, in its discretion, have opened up the matter, but under the circumstances, we think it was not required to do so, and did not abuse its discretion in refusing the request. Furthermore, we are impressed with the thought that the proffered amendment is not very material. It is clearly contradictory of other statements. The record shows a change of position in two or three respects. The proposed amendment states that the defendant requested the sheriff to deliver a copy to the attorney. This was on October 11, 1920. It also recites that the attorney knew nothing about it until *after* the default was entered (November 18th).

The original application as amended is to the effect that, on November 4th, defendant personally handed a copy of the original notice to his attorney. If this is so, then the attorney did know about the notice two weeks before the default was entered. True, if the default had been entered on the second day of the term, the delivery of the notice personally to the attorney would not have been in time; but the default was not entered until November 18th, so that, if the notice was delivered to the attorney on November 4th, it was in time to have prevented the default. This being so, it is not very material whether the de-

fendant requested the sheriff on October 11th to give a copy of the notice to defendant's attorney, and that the sheriff neglected to do so. There was no duty on the part of the sheriff to do as requested. His negligence, if any, is not the important point in the case. The question is whether defendant or his attorney was guilty of a want of diligence, under the circumstances. Furthermore, it would appear that, if the inquiry was made of the clerk on November 4th, the natural inquiry would be whether a default had been entered, rather than whether a petition had been filed. The notice had been served, and appears to have been brought to the attorney after default day. It appears to have been stipulated, in brief, that the case might be submitted on the pleadings, and that the files might be considered, and that, if evidence was introduced, it would tend to support the averments of the application. The matters set up in the showing as grounds for setting aside the default are denied by operation of law. Code Section 4092. Under the record, according to appellant's contention, a considerable time before the default was entered, and on November 4th, or some other date prior thereto, defendant employed an attorney to look after his interests, and gave the attorney a copy of the notice. Nothing was done thereafter during the two weeks before default, and the petition or application to set aside the default and judgment was not filed, and nothing was done, until nearly six months after the default.

We may not have set out all the circumstances or discussed each fact separately. On the whole record, we are of opinion that the showing was not sufficient to show diligence on the part of defendant, and that the court did not abuse its discretion in overruling the application. As bearing on the question of diligence, the following, among other cases, may be cited: *Barto v. Sioux City Elec. Co.,* 119 Iowa 179; *Reilley v. Kinkead,* 181 Iowa 615; *Weitzel v. Lieuwen,* 179 Iowa 1250. On the question of discretion, see the *Weitzel* case, supra; also, *Sioux City Vinegar Mfg. Co. v. Boddy,* 108 Iowa 538; *Church v. Lacy & Co.,* 102 Iowa 235; *Mogelberg v. Clevinger,* 93 Iowa 736; *Grove v. Bush,* 86 Iowa 94, 98; *Jones v. Leech,* 46 Iowa 186.—*Affirmed.*

ARTHUR, C. J., EVANS and FAVILLE, JJ., concur.