WILLIAM P. BOSSENBERGER, Appellee, v. FLORENCE O. BOSSEN-
BERGER, Appellant.

No. 39617.

MARCH 18, 1930.

REHEARING DENIED SEPTEMBER 22, 1930.

*Lloyd A. Faxon* and *R. G. Remley,* for appellant.

*Martin & Alexander,* for appellee.

WAGNER, J.—On March 31, 1927, the plaintiff filed his
petition, asking a divorce from the defendant. The latter, at
that time and ever since, has resided in Chicago. The parties
were married in 1914, and for the major portion of the time
since 1920, they have not lived together. During the time when
they were living together, they resided at Williams, Hamilton
County. The defendant was served with notice of the action
by publication. A few days before the opening of the term at
which she was required to appear, she wrote to O. J. Hender-
son,—now Judge Henderson, of the Eleventh Judicial District,—
a letter, in which she stated, in substance, that it was her hope
that things might be settled without a suit that had kept her

from consulting him earlier, but that the plaintiff ignored her last letter, and is forcing her into a contest. Judge Henderson was at that time in partnership with Eleanor M. Jones, and in reply to the aforesaid letter, Henderson wrote the defendant, in substance, that the firm would undertake to appear for her sufficiently to prevent a default and decree for a week or ten days; but that, if she wanted to contest the proceeding, she should get some other attorney, without delay. On October 4, 1927, she again wrote Judge Henderson, asking in substance, that, if he could not act for her, he should suggest the firm best able to handle the case. On October 7, 1927, Judge Henderson wrote her, in substance, that he did not want to suggest attorneys for her, as he believed she knew, by reputation, most, if not all, of the practicing attorneys in the county, and that he did not personally want to discriminate as among them. Accompanying the letter was a list of the practicing members of the bar of Hamilton County, taken from the bar docket, with the names of those unavailable crossed out. Two terms of court passed by, and during the fore part of the year 1928, Henderson assumed his judicial duties. There had been no further conference or correspondence between the defendant and the Henderson-Jones firm until April 11, 1928, when Eleanor M. Jones wrote the defendant, in substance, that the plaintiff's attorneys desired to try the case at that term, and that it would come on for trial after the jury business had been disposed of, which would probably take three weeks; that, if she wanted to try the case, and not let it go by default, she should make arrangements for someone to take care of it without delay; that Judge Henderson was no longer in the practice. The following day, the defendant wrote Miss Jones that she had previously written to an attorney at Alden that Henderson did not wish to handle the case, but had received no answer from him (the Alden attorney); that she would be very glad to have her (Miss Jones) act as her attorney in the matter. On April 19th, Miss Jones wrote her, in substance, that, if she (the defendant) wanted her (Miss Jones) to act as her attorney, she should send $50 due for past services, and a retainer fee of at least $50. The defendant received this letter, but did not reply thereto until after the case was reached for trial, on May 10th, when the appearance of the Henderson-Jones firm was withdrawn, and

the plaintiff, upon the testimony taken, was granted a divorce. Having received rumors to the effect that a divorce had been granted, the defendant wrote Miss Jones on May 16th, and on May 19th Miss Jones informed the defendant, by letter, that, not having heard from her in reply to her last letter, and after she (the defendant) had been advised that the case was in the assignment for trial, she did, on May 10th, the last day for the trial of cases at said term, withdraw the appearance of the firm; and that the plaintiff had obtained a divorce.

It appears that the term of court was kept open during the summer months. On July 7th, the defendant, by the counsel now representing her, filed her motion, in which she asked that the default and decree be set aside, tendered an answer, and accompanied her motion with an affidavit of merits. The hearing on said motion was had before the same judge who granted the divorce, and on August 7th, the motion was overruled. From this action by the trial court the defendant has appealed.

It is apparent that there is nothing before us for our consideration or determination, other than the ruling of the trial court on appellant's motion to set aside the default; for, until the default is set aside and the decree vacated by proper proceedings, it must stand as a verity. See Section 12827 of the Code, 1927; *Belknap v. Belknap,* 154 Iowa 213; *Iowa Cord Tire Co. v. Babbitt,* 195 Iowa 922; *Reilley v. Kinkead,* 181 Iowa 615.

The provisions of our statutory law for setting aside a default are found in Section 11589 of the Code, 1927, which provides that a default may be set aside, but not unless a reasonable excuse is shown for having made such default. The matter of setting aside a default rests largely in the sound legal discretion of the trial court, and it is only when there has been an abuse of such discretion that this court will interfere; and there is no abuse of discretion where the default is due to the party's own neglect or inattention to the case. See *Byrnes v. American Mut. Fire Ins. Co.,* 114 Iowa 738; *Standard Oil Co. v. Marvill,* 201 Iowa 614; *Iowa Cord Tire Co. v. Babbitt,* 195 Iowa 922; *Mogelberg v. Clevinger,* 93 Iowa 736; *Hawthorne v. Smith,* 197 Iowa 1306; *Reiher v. Webb,* 73 Iowa 559; *Williams v. Wescott,* 77 Iowa 332; *Andres & Co. v. Schlueter,* 140 Iowa 389. In *Byrnes v. American Mut. Fire Ins. Co.,* 114 Iowa 738, we held that all that was disclosed by the record was careless-

ness and inattention to the duty resting upon the litigant, and that this affords no ground for interfering with the action of the trial court in refusing to set aside the default. We there said:

"A large discretion is reposed in the trial court in passing upon applications of this kind. *Mogelberg v. Clevinger,* 93 Iowa 736. We have in many cases affirmed the action of the trial court in setting aside the default, when we should not have reversed it, had the holding been the other way."

As we view it, there was no abuse of discretion on the part of the trial court. It was by reason of the appellant's own negligence that she was in default. There was nothing to lull her into a feeling of security for continued inattention to the litigation in which she was a party. She knew at the outset that the Henderson-Jones firm had not accepted, and would not accept, employment to try her case. She had the information as early as October 2, 1927, that said firm would appear for her to prevent a default and decree for only a week or ten days, and that it was incumbent upon her to get other counsel without delay, to try the case. No default was taken against her until the 10th day of the following May. She was informed on April 11, 1928, the second day of the term, that the case would be for trial at that term, after the jury business, which would last about three weeks, and that she should, without delay, make arrangements for some attorney to try the case, unless she wanted it to go by default. When Miss Jones, on April 19th, informed her by letter that, if she wanted her to act as her attorney, she should send the fee requested, she did not comply with the request, and carried on no further correspondence with her until after she had received rumors that the default and decree of divorce had been granted. It is shown by the record that the appellant had had previous experience in matters of litigation. She is shown to be a lady of intelligence, and her action, in view of the information which she had, constitutes inexcusable negligence on her part. She had ample warning to employ counsel to represent her. She, no doubt, could have employed the counsel now representing her before, as well as after, the default.

In view of the showing made, there was no abuse of dis-

cretion, and the action of the trial court in overruling her motion is hereby affirmed.

The appellant has filed a motion asking that this court grant her an allowance of attorney fees and suit money, which motion was ordered submitted with the case. In view of the fact that the appeal involves only the action of the court in overruling the motion to set aside the default, and in view of the finances of the respective parties and all the other facts, as shown by the record, said motion is overruled.

Various other motions of the respective parties have been ordered submitted with the case; but, in view of our conclusion on the proposition submitted for our determination, it is not necessary for us to make a ruling thereon.—*Affirmed.*

MORLING, C. J., and STEVENS, DE GRAFF, and ALBERT, JJ., concur.