## NEWFIELD v. BLAWN.

### I. Per CURIAM:

1. STATUTE OF LIMITATION: PLEADINGS. When a petition which, upon its face, showed that the cause of action was barred by the statute of limitations, contained the additional allegation, "that the cause of action still subsists, and did justly subsist at the time of the commencement of this suit, as the plaintiff can and will make appear by the defendant's testimony on the trial of this suit," it was *held* that such additional allegation was sufficient to take the cause of action out of the statute of limitations.

### II. Per WRIGHT, Ch. J.:

1. SAME POINT. It is sufficient for the pleader to set forth his cause of action and aver that it still justly subsists.

*Appeal from Des Moines District Court.*

WEDNESDAY, JUNE 8.

THIS action was commenced December 12, 1862, and is brought to recover for boarding, clothing and otherwise providing for the infant son of defendant, at his request, &c., from the 19th of January, 1855, until the month of June, 1857. The petition contains an allegation that the "cause of action still justly subsists, and did justly subsist at the time of the commencement of this suit, as plaintiff can and will make appear and prove by defendant's testimony at the trial of the suit." Defendant demurred, alleging that the petition showed affirmatively that the cause of action was barred by the statute of limitations, and contained nothing to take it out of the said statute. This demurrer was sustained, and plaintiff appeals.

*D. Rorer* for appellants.

*J. C.* and *B. J. Hall* and *M. D. Browning* for appellees.

WRIGHT, C. J.—The third subdivision of § 2740 (Rev.), provides that actions founded on unwritten contracts may be brought within five years after their causes accrue; and

not afterwards, except when otherwise specially declared. But in such cases, the said "limitation shall not apply, if, from the answer of the defendant, or *from his testimony as a witness*, it appears affirmatively that the cause of action *still justly subsists*." (§ 2742.) And then it is declared by § 2961, that "when a pleading shows affirmatively, that its cause of claim is barred by the statute of limitations, it may be assailed by demurrer."

To settle the proper practice under these several seemingly incongruous sections, is a task of no little difficulty. The section last quoted is a part of the "Code of Civil Practice," as adopted in 1860, while the others were incorporated in the Code of 1851, and made a part of the Revision, in the manner contemplated by § 4187. And thus it occurs, that while the common law rule is changed by § 2961, the other sections give the right to recover, if a cause of action is shown, on the trial, or by defendant's answer, to still justly subsist. If the petition shows that the claim is barred, and the plaintiff relies upon the defendant's answer, or his testimony as a witness, to show that the statute does not apply, how shall the pleading be framed to avoid the effect of the demurrer? It is but too manifest, that these considerations did not enter into the mind of the Legislature at the time of the adoption of the Revision, and we must, if possible, adopt such a construction as will harmonize these several provisions, and not entirely deprive a party of the remedy intended to be given in the very case presented in this record.

Where the cause of action is revived by an admission that the debt is unpaid, or by a new promise in writing, duly signed, or where it is claimed that defendant has been a non-resident of the State, or that plaintiff was a minor at the time the cause of action accrued; or that the person entitled thereto died within one year next previous to the expiration of the limitation of the statute: in all these and

similar instances, the pleader will have no difficulty in so framing his petition as to obviate the bar of the statute. In all such cases, he may, in advance, negative what might otherwise affirmatively appear, and thus render his pleading unassailable by demurrer. Or if he relies upon the admission or new promise, he may, without averring it in the first instance, respond it to the plea of the statute, by a count averring it as a new cause of action, and may recover on either, as he may show himself entitled. § 2962. Whether he may thus respond non-residence, minority, the plaintiff's death, or whether such matters of exception must be *stated in the petition*, is a question of more doubt, and one which we need not now discuss nor determine.

In all the cases just supposed, the pleader may easily protect himself, for he has before him, and knows existing or antecedent facts, which operate to displace the bar. In cases like that now before us, plaintiff relies upon something to occur at the trial, or upon the fact that the defendant's pleadings will show affirmatively that the cause of action still justly subsists. Now, what is he to do? If he does not state such matter, or something legally equivalent, his petition is assailable by demurrer. If he does, then, in the language of appellee's argument, he "states conclusions and not facts;" or, in the language of the demurrer, "it appears affirmatively, that the statutory bar applies, and nothing is averred to take it out of its operation." Under such circumstances how shall the plaintiff have the benefit of defendant's answer or testimony as a witness? It is clear that he is entitled to it in some way. If he cannot by averring the necessary matter in his petition, it is obvious that he never can, for otherwise he is met by a demurrer, which effectually closes the door, and cuts off all inquiry.

It may be conceded to be most anomalous, that a party shall be allowed or required to state in advance, that he

has a subsisting cause of action, because defendant will concede it in his answer, or admit it as a witness on the trial. How is an issue to be raised upon such averments, and what end is attained after it is proved or tried? And yet the plaintiff clearly has a right to demand such an answer, or to call the defendant as a witness, to show that the cause of action still justly subsists. Formerly we know if the bar of the statute was properly interposed, plaintiff could not recover, though he might establish ever so clearly that the debt remained unsatisfied. It was intended by section 2742 to prevent the injustice and hardship sometimes resulting from this rule. For, as the party himself knows, whether the claim does or does not justly subsist, it was regarded but safe and equitable that he might be appealed to, and if he admitted that it was unpaid or unsatisfied, that he should not escape liability by the mere lapse of years.

But, in order to give the plaintiff the benefit of this testimony, or the admission of the answer, is it required that he should state, in the first instance, that he thus expects to establish his right to recover? Or do the rules of pleading permit him to thus present his cause of action? The conclusion of the writer of this opinion is, that it is sufficient for the pleader to set forth the cause of action, and to aver that it still justly subsists. This he need not do in the very language of the statute, but it may be averred that it remains unpaid and unsatisfied, or by the use of any other language, to show that there is a subsisting liability.

This seems to me to be better, than to undertake to present an issue in advance, founded upon a prophecy as to what the defendant will or will not do in the future, either as a witness or adverse party. The plaintiff, in such a case, has a right to protect himself in some manner, and this method of pleading, it seems to me, meets the spirit of

the statute, and presents a fair, legitimate, ultimate issue. The majority of the Court, however, without being prepared to go to this extent, concur in the view that the cause should be reversed, inasmuch as the pleader not only states that the cause of action still justly subsists, but that he will establish it by the testimony of the defendant on the trial. That the pleader has made this additional averment, is certainly not a matter of which the defendant can complain. It may be confessed, as already suggested, that such a pleading is anomalous; but, if so, it is traceable to the peculiar provisions of our statute, and we feel constrained to give the plaintiff this right, rather than deprive him of all benefit of the provisions to which we have alluded. If he cannot thus protect himself, his action must fail, however much the cause of action may continue to subsist, when a demurrer is interposed. If, however, he may stop with the general allegation or superadd the method in which he will establish that his claim subsists; then, plaintiff's petition in this case was not assailable, for it contains both averments.

We therefore conclude that the demurrer should have been overruled. Because it was sustained, the cause is reversed and remanded.