## JONES v. BRUNSKILL.

1. Pleading: DEMURRER. A demurrer should clearly point out the objection to the pleading which will be developed on the argument; and a demurrer not thus specific should be disregarded by the court.

*Appeal from Dubuque District Court.*

THURSDAY, DECEMBER 22.

ACTION on an account which had accrued more than five years before suit was instituted. To remove the bar of the statute, the plaintiff, in his second amended petition, alleges "that the defendant did in 1859, and within five

years before the commencement of this action, admit that the said debt sued for was then unpaid, which admission was in writing, signed by him, and made by him in his examination as a witness in a suit in equity pending in the Dubuque District Court, wherein one Alexander Levi was plaintiff, and George O. Karrick *et al.* defendants, and in answer to interrogatories propounded to him in writing, a copy of which, with the defendant's answer *thereto signed* by the defendant, is annexed as part thereof." A copy of the defendant's testimony in that suit appears annexed as stated, consisting of numerous questions and answers. The defendant made no effort by motion to compel the plaintiff to specify what portion of this testimony referred to the debt in suit, but he demurred because "the alleged new promise in writing attached to the petition is not an admission made by the defendant in writing according to the law of evidence." This demurrer was sustained, and the plaintiff excepted and appeals.

*Monroe & Deery* for the appellant.

*D. E. Lyon* for the appellee.

DILLON, J. — No question is presented by the record 1. PLEAD- except the ruling of the court on the demurrer to ING: de- murrer. the second amended petition. And here the appellant makes the point, that the demurrer was so general that it ought to have been disregarded by the court below. Section 2877 of the Revision provides that "the demurrer must *distinctly* specify, as the grounds of the objection, some matter of error intended to be argued as a defect in the pleading, and unless it do so it shall be *disregarded*." It is plain that the demurrer in this case does not meet the requirement of the statute. The writing attached to the petition consisted of a large amount of testimony given by the defendant as a witness in another case,

and not relating *directly*, at all events, to the claim in suit. Viewed with reference to the nature of this testimony and the manner in which it is pleaded, the demurrer does not point out with the requisite certainty the defect in the pleading to which it is addressed. Does it mean that the alleged new promise is not sufficient, because the testimony which is attached as the evidence of it does not in *fact* contain *any admission?* Or does it concede this, and mean that it is not an admission "made by the defendant *in writing*, as the statute requires? Why it is not " an admission   *   *   *   according to the law of evidence," is not specified. Under the language of the demurrer, it is difficult to say what point might not be made in the argument. Our views of this section are very clearly stated in the following cases: *Davenport Gas Light and Coke Company* v. *The City of Davenport,* 15 Iowa, 6, 16; *McKellar* v. *Stout,* 13 Id., 487. The statute condemns language so general as to leave the party filing the pleading demurred to ignorant of what the real objection is, until it is developed in the argument. And yet a demurrer is not to be transmuted into an argument. Where the pleader takes the requisite time and care, he will usually have little difficulty in steering safely between *Scylla and Charybdis* — between vague generalities and needless prolixity. Thus, in this case (without now intimating an opinion as to whether the grounds would be well taken), the demurrer could point out that the alleged acknowledgment was insufficient, because, 1st. It contains no promise or admission *in fact* in relation to the debt sued for. 2d. The alleged admission or new promise was not made to the plaintiff or any one representing him. 3d. Was not made voluntarily, but in a cause where he was compelled to testify. 4th. The admission or promise is not made *in writing*, &c., &c. We have the less hesitation in making this disposition of the cause, because many of the questions argued have

already been settled in the case of *Newfield* v. *Blawn*, 16 Iowa, 297. As the plaintiff does not appear to have called the attention of the District Court to the generality of the demurrer, or objected to it on that ground, the costs in this court will abide the final result. Because the District Court sustained the demurrer when it should have been disregarded, the judgment is reversed and the cause remanded, with leave to the defendant to make his demurrer more specific, or otherwise to question the sufficiency of the petition, or to answer the same, as he shall be advised.

Reversed.