Miller, J.
1. Obkhnxl appearance, I. Upon what ground the appellee claimed that the justice had no jurisdiction of his person we are'
not advised, The record shows that he was served with notice, that he appeared before the justice who issued the notice and obtained a change of venue. He also appeared before the justice to whom the venue was changed, and there filed a demurrer. If there was any defect in the notice, it was cured by the appearance of the defendant. Rev. of 1860, § 2840; Hale v. Van Saun & Hunt, 18 Iowa, 19; Burns v. Heas et al., 20 id. 16.
2. jtoisdicII. "When it appears on the face of the petition that the court has no jurisdiction of the subject of the action, the objection may be taken by demurrer. Rev. g 2878. But unless the petition does show the defect, if it exists in fact, it can only be taken advantage of by answer. Ibid.
A justice of the peace has jurisdiction of the action of forcible entry and detainer. The statute expressly provides (§ 3957): “ The proceedings may be had before a justice of the peace of the township where the premises are situated, or, if there is no justice therein able or quali *392 fied to act, they may be brought before some justice of an adjoining township. They shall be governed by the same rules as other cases before justices of the peace, except as herein modified.”
The petition shows that the premises were situated in Eden township.. There is nothing, however, in the record to show that J. C. Kelly, the justice before whom the action was commenced, did not reside in that township, or that Westbrook, the justice to whom the venue was changed, did not reside in Eden township, and that that was the reason for the change of venue. The service of the notice in Lyons township is immaterial, inasmuch as the defendant appeared. The record fails to disclose in what particular township in Clinton county either of the justices or the defendant resided. The petition shows that the subject of the action is situated in Eden township; the demurrer, therefore, could not properly be sustained without the aid of extrinsic facts. The petition does not show enough to justify the justice in sustaining the demurrer on this ground, and the circuit court erred in affirming the justice’s judgment.
3. dehtoher: practice. III. The second ground of the demurrer is too general, and should have been disregarded by the justice and also by the circuit court. Rev., § 2877; Jones v. Brunskill, 18 Iowa, 129; Davenport Gas Light and Coke Co. v. The City of Davenport, 15 id. 6, 16.
The judgment is reversed and cause remanded for proper orders by the circuit court, consistent with this opinion.
Reversed.