97   67|
s107 321'
107  322|
97   67|
116  669|

---

THE CORN EXCHANGE BANK v. W. J. APPLEGATE, Appellant.

**Jurisdiction:** ESTOPPEL. A judgment and sale in attachment will not be set aside, nearly three years after rendition of the judgment, sixteen months after the sale, and three months after delivery of the deed, on the sole ground that defendant was not served with notice, where he had full knowledge of the action and the recovery sought, and appeared in an action in equity to subject the land to the lien of the attachment, denying all interest therein, in which judgment was rendered subjecting the land to the payment of the judgment rendered in the attachment suit.

*Appeal from Cass District Court.—*HON. WALTER I. SMITH, Judge.

TUESDAY, JANUARY 28, 1896.

THIS is a proceeding by motion to set aside a judgment, and a sheriff's sale made thereunder. From the order of the district court overruling the motion, the defendant appeals.—*Affirmed.*

*Curtis & Follett* for appellant.

*Phelps & Temple* for appellee.

ROBINSON, J.—The plaintiff commenced the action in which this proceeding was had in April, 1891,

against W. J. Applegate and others, to recover the amounts due on promissory notes which they had made. An attachment was issued on the ground that the defendants were non-residents of the state, and levied upon certain real estate. The defendants did not enter an appearance in the action, and in September, 1891, judgment was rendered for the sale of the land for the payment of something more than eleven thousand dollars due on the notes. In February, 1893, a special execution was issued on the judgment, and the attached property was sold for seven thousand six hundred eleven dollars and eighty-three cents, and in due time a sheriff's deed therefor was issued to the vice president of the plaintiff, for its benefit. In June, 1894, about three months after the deed was delivered, the defendant, Applegate, filed a motion to set aside the judgment and sale on the alleged grounds that no notice whatever was served on him in the action, and that the court was without jurisdiction to render the judgment. The evidence in support of the motion tends to show that the original notice was served in Chicago, by an attorney named Keetch, upon one John Bryner, who was not interested in the action in any manner, but who had a desk in the room or office in which Applegate also had a desk, and was mistaken for the latter by the person who served the notice. There is evidence which also tends to show that there was no service of the notice upon Applegate, and that he did not see the copy thereof left with Bryner. This is the substance of the showing in support of the motion. It is not alleged that there was any defense to the notes, nor that the premises in question did not sell for their fair value. No attempt is made to excuse the failure of the appellant to make an earlier application for the relief he now asks. He relies wholly upon the claim that the judgment was rendered without jurisdiction and is void, that the sale

was invalid, and that both can be attacked at any time. It is shown, in opposition to the motion, that after the action aided by attachment was begun, but on the same day, an action in equity was commenced by the plaintiff against Applegate and one Barber, in which the commencement of the action at law, and the levying of the writ of attachment on the real estate, were averred. It was further alleged that Applegate owned the real estate in April, 1890, but that for the purpose of defrauding his creditors, and especially the plaintiff, he had conveyed it to Barber, who shared in the fraudulent intent; and a decree subjecting the property to the lien of the attachment was asked. The original notice of that action was served on Applegate, in Chicago, by Keetch, the day before the original notice in the other action was served. Applegate appeared in the action in equity, and filed an answer in which he admitted, in terms, that the plaintiff had commenced the action at law to recover of Applegate and others eleven thousand dollars, and that a writ of attachment was asked for, but neither admitted nor denied the levy alleged, for want of knowledge as to the fact. He admitted that he had conveyed the premises to Barber, but averred that they had been reconveyed to him, and that a few days before the commencement of the action he had conveyed them to Horace M. Wyckoff, and since that time he had not had any interest in them. Other references to the action at law were made, which show that Applegate had full knowledge of it, and of what was sought to be recovered by it. Wyckoff intervened in the action, further proceedings were had, and the real estate was finally subjected to the payment of the judgment which was recovered in the action at law. On appeal to this court, that decree was affirmed. *Bank v. Applegate*, 91 Iowa, 411 (59 N. W. Rep. 268). It is said that Applegate

did not appear further in the equitable action; that an amendment to the petition was filed, in which the recovery of the judgment in the action at law was alleged; and that it was not answered by him. It is wholly immaterial whether he did more than file his answer. He entered an appearance, thereby waiving all defects in the service of the notice, and submitting himself to the jurisdiction of the court. His appearance was not withdrawn. In law, he continued in court until the decree was rendered, and he was bound by it. He did not plead lack of notice in the action at law, but he had an opportunity to do so, and is concluded by the decree which subjected the real estate to the payment of the judgment. In his answer he denied having any interest in the property, and nothing in the decree rendered authorizes him to make a different claim now. His conveyance, although fraudulent as to his creditors, was no doubt good as against himself, and he shows no interest in the property sold. He had actual knowledge of the action at law, but failed to make timely objection on meritorious grounds to the judgment which was rendered, although it was virtually confirmed in the action to which he appeared, and he cannot be heard to complain of it now. We are of the opinion that the application of the defendant is without substantial merit. The order of the district court is therefore AFFIRMED.