J. W. KILMER v. D. W. GALLAHER AND FRANCES E. GALLAHER, Appellants, and Another Case.

**Redemption:** *When not barred by appeal.* Under Code, section 4045, giving the debtor a right of redemption of realty sold on execution, and providing that no party who has appealed, or stayed execution shall be entitled to redeem, a party who has appealed from the decree itself, in effect, barring his right of redemption, and has obtained a reversal thereof, does not, by so appealing, destroy his right to redeem.

**Grace:** NEGOTIABLE INSTRUMENTS. Under Code, section 3051, providing that negotiable instruments shall be entitled to grace, a debtor is not entitled to grace on a debt evidenced by a bond.

**Foreclosure Practice:** *Continuance for judgment on accruing installments.* Where the decree in an action to foreclose a mortgage securing a debt due in installments expressly continued the cause, after rendering judgment on the amount due, for the purpose of giving judgment on the other installments as they matured, the subsequent rendition of judgments in the same action for installments accruing after its commencement was not error.

**Notice:** *Waiver by appearance.* Appearance is a waiver of notice.

**Optional Remand:** ELECTION OF REMEDIES. Where the mortgagor appealed from a decree of foreclosure and sale subject to certain installments of the mortgage debt not due, and the appellate court gave the mortgagee an option either to have

any sale made stand free from any claim made for subsequent installments, or to have a new execution issue for the sale of the land for the amount of the judgment only, and remanded the case "for further proceedings," a new decree was contemplated; and the mortgagee's action in taking a deed under a sale made prior to the rendition of the opinion above, and bring forcibly entry and detainer against the mortgagor, did not amount to an election to have the sale stand.

*Appeal from Harrison District Court.*—HON. G. W. WAKE-FIELD, Judge.

WEDNESDAY, JANUARY 29, 1902.

PLAINTIFF brought an action of foreclosure against defendants on a mortgage of real estate which secured a bond payable in installments. The action was for judgment for the first installment only. A decree was rendered ordering the sale of the mortgaged property for the payment of such installment, but expressly making the sale subject to the other installments not then matured. Defendants appealed from the decree, and in this court such modification was made as to give plaintiff an option (1) to have any sale made stand free and clear of any lien for subsequent in-installments; or (2) to have such sale set aside, and a new special execution issue for the sale of the land for the amount due on the judgment, only, free of any lien for other installments. After the rendition of the opinion by this court, plaintiff took a deed under the sale which had been theretofore made, and brought an action of forcible entry and detainer against defendants. Defendants then instituted proceedings in equity against plaintiff, through which they sought to redeem from the sale to plaintiff. Later, plaintiff, by application filed in the original action, asked that the sale to him be set aside. This proceeding and the equitable action by the Gallahers against plaintiff were consolidated and tried together in the district court. Upon a hearing the sale was set aside, and on plain-

tiff's further application he was given judgment for two other installments of the debt, which had matured since the first judgment was rendered. Special execution was ordered for the sale of the land, or so much thereof as would satisfy the whole amount of the judgment in plaintiff's favor. The decree also provided for a lien for future installments upon any surplus there might be after satisfying the judgments, and concluded with a provision to the effect that, as the Gallahers had theretofore appealed from the first decree, they had by such action forfeited their right of redemption; and each of them was, in terms, barred from the exercise of such right as to sales made for present judgments or future installments. The Gallahers appeal.—*Modified.*

*W. H. Killpack* and *H. L. Robertson* for appellants.

*Roadifer & Arthur* for appellee.

WATERMAN, J.—I. The option given plaintiff in the opinion rendered by this court (107 Iowa, 676) was to be determined by him in a new decree, which we think it was contemplated should be entered. His action, therefore, in taking a deed, and instituting proceedings to oust defendants from the premises in dispute, while ill-advised, did not amount to an election on his part to have the sale stand. The opinion there recites that the case is remanded for further proceedings. No further proceedings were necessary, if the option was determinable alone by plaintiff's acts, and he desired the sale to stand. Another reason for giving this construction to the opinion is that it was important the rights of the parties should be preserved of record, and this could not be done, save by a new decree.

II. Error is charged in the action of the trial court in rendering judgment on installments of the debt which

were not due when the original action was begun, or judgment therein rendered. By the terms of the first decree the cause was continued after judgment was rendered on the installment of the debt then due, for the purpose of giving judgment on the other installments as they matured. This provision was not changed on appeal. There was therfore no error in proceeding in the main action as was done. It is charged, however, that the subsequent judgments were rendered without notice to defendants. The decree recites that defendants appeared by attorneys, and this recital is not questioned, save by mere assertion. An appearance is a waiver of notice. *Corn Exchange Bank v. Applegate,* 97 Iowa, 67; *Childs v. Limback,* 30 Iowa, 398, and cases therein cited.

III. Another objection to the judgment for the last installment mentioned is that it was rendered before the maturity of that portion of the debt, because the three days of grace had not expired. This indebtedness was evidenced by a bond. Grace is allowed only on negotiable paper. Code, section 3051.

IV. Finally it is claimed the court erred in barring defendants' right of redemption, because they had taken an appeal in the original action. The provision of the Code upon which the court manifestly rested this portion of the decree is section 4045, which, after giving to the debtor a right of redemption of real estate sold on execution, concludes with this language: "But no party who has taken an appeal from the superior or district court, or stayed execution on the judgment shall be entitled to redeem." This cannot mean that one who has appealed from a provision in a decree which bars his right of redemption, and who is successful in securing such right in this court, cannot avail himself of it after he has obtained it. To give the statute that construction is to hold, practically, that no right of appeal lies from that part of a decree which bars

the equity of redemption. A defendant would be placed in rather an unfortunate position, under plaintiff's construction, where a trial court erroneously bars his right of redemption. If he submits to the decree, of course, his right is lost. If he appeals, and the right is awarded him, he is forbidden by statute to exercise it. In our opinion, the statute is founded upon the doctrine of waiver. It is intended to say no more than that one who can redeem, and does not do so, but appeals solely to establish defenses to the action, waives his right of redemption by pursuing such course. In this case defendants were practically denied all right of redemption by the decree from which they appealed. To redeem from the sale, they not only had to pay the amount bid by the creditor, but all the other installments of the debt which would fall due in the future, for the sale was subject to the lien of such installments. They were obliged to appeal in order to secure a statutory right. They were successful. We think they may now exercise it. The case of *Lombard v. Gregory*, 90 Iowa, 682, cited by appellee, involved no such question as the one before us. Another thought in this connection is that the decree, as it now stands, includes two judgments for installments which were not included in the former appeal. However, if plaintiff's construction of the statute is correct, the present appeal will bar any right of redemption from the sale under these judgments and the provision in the decree which we have been considering would be without prejudice.

We have said enough to make plain the reasons for the conclusion we reach. The decree was erroneous in cutting off the right of redemption. If a sale has already taken place, it may be we should fix a short period within which such right should be exercised. The facts as to this matter are not fully before us, and we leave it to be settled in the new decree which must be prepared. As thus modified, the conclusions of the trial court will be AFFIRMED.