FREDERICK J. DANIELS, Appellee, v. EMILY DANIELS, now EMILY BAUCK,. Appellant.

● **Divorce:** CUSTODY OF CHILDREN: MODIFICATION OF DECREE. On this application for a modification of the court's former order respecting the custody of a minor child, on the ground of a change in defendant's circumstances enabling her to take care of the child, the only important change being that she had recently married, it is held that the court was justified in refusing to modify the original decree.

**Same:** REVIEW OF PROCEEDINGS. On an issue respecting the right to the custody of a minor child the court in its discretion may privately examine the minor, and in the absence of objection to the proceeding, or request to cross examine, or to offer rebuttal evidence, the matter will not be reviewed on appeal on a mere exception to the whole proceeding taken after a denial of the application.

*Appeal from Dubuque District Court.*—HON. ROBERT BONSON, Judge.

FRIDAY, JANUARY 14, 1910.

*Wells Rupert,* for appellant.

*Louis G. Hurd,* for appellee.

EVANS, J.—This is an application by the defendant for the modification of a decree of divorce entered in her favor on a cross-bill on July 8, 1905. The original decree awarded the custody of the minor child to the plaintiff, for the reason that he was better able financially to support

her. The child was then six years of age. The plaintiff placed the child in the immediate charge of his mother, and at her death in the immediate charge of his sister. This application was filed in August, 1908. The claim of the defendant is that her circumstances have so changed that she is now able to take care of the child. The only important change in her circumstances shown by the testimony is that she has recently married. The trial court found that no such change of circumstances had been shown as to warrant a modification of the decree. We have examined the evidence with care. It is very meager. It is, in our judgment, quite insufficient to support the defendant's application.

The court examined the child privately in the presence only of his shorthand reporter, and the examination was taken down in full, and filed and made of record in the case. Appellant complains here of such action of the court. She contends, also, that she should have been permitted to cross-examine the child, and that she should have been permitted to introduce evidence in rebuttal of the statements of the child. It is not unusual or improper for a trial court to have a private conference with a child in the manner here adopted. It has large discretion in such a case. The plaintiff did not object to the proceedings, nor ask to cross-examine, nor offer any rebuttal. After the court had entered an order denying defendant's application, she then took exception to the whole proceeding. This of itself presents nothing for our consideration. However, in our consideration of the case upon its merits, we have quite ignored the examination of the child.

The order of refusal entered by the trial court is *affirmed.*