J. S. DEWELL, Appellee, v. GEORGE E. SUDDICK, County Treasurer, et al., Appellants.

No. 40062.

SEPTEMBER 22, 1930.

REHEARING DENIED APRIL 10, 1931.

*Prichard & Prichard* and *Roy E. Havens*, for appellants.

*R. J. Organ,* for appellee.

PER CURIAM.—On December 1, 1927, the plaintiff filed his petition, in which he alleges that he is the owner of certain property, described by lots and blocks, in the town of Missouri  Valley; that special taxes have been entered upon the tax lists of the county against the property of the plaintiff, and the said property has been advertised for sale at the regular annual tax sale, to be held on December 5, 1927; that said assessments are illegal and void, because confiscatory, and not against any particular lots, but a general assessment against all lots in certain blocks, indiscriminately, which lots are not of the same value; that the assessments for which said lots are now to be sold were and are illegal, in that they were not made in the manner provided by law, but made arbitrarily and in violation of law; that

certain of the property is located in the Harrison-Pottawattamie County Drainage District, and the county and district have allowed the banks of the ditch to become broken, to the damage of plaintiff's crops thereon, in the sum of $200, and that he is entitled to an offset in the sum of $200 against the said taxes levied against the property; that, for the reasons stated, he is not indebted to Harrison County, the drainage district, nor the county treasurer; that, if said sale for taxes were held, it would cast a cloud upon his title; and that he has no speedy and adequate remedy at law. He prays for a temporary injunction restraining the treasurer from offering plaintiff's property for sale at the annual tax sale, to be held on December 5, 1927, or at any subsequent date, and that said taxes be declared illegal and void.

On the date of the filing of the petition, an original notice of said suit was served upon the county, in the manner required by the law, and also upon Suddick, who was then county treasurer. On December 5, 1927, upon presentation of the petition to Judge Peters, one of the judges in that judicial district, a temporary injunction was granted, as prayed.

It appears that the case was allowed to rest in repose until the 5th day of March, 1929, when default was taken against the county, and also against Huff, the present county treasurer, who had been substituted as party defendant, in lieu of Suddick; and a decree of permanent injunction was granted, as prayed. Suddick remained county treasurer until January 1, 1929, when his term of office expired, and Huff, who had been elected at the last general election, became treasurer. There had been no appearance to said cause of action by the county or by Suddick. It is not shown by the record when Huff was substituted as party defendant in lieu of Suddick, but it was after January 1, 1929. The order of substitution was not caused to be made by Huff, as he knew nothing about it. Such order must have been made on motion of the plaintiff. No notice was served upon Huff, and, as stated, he had no knowledge that he had been substituted as a defendant.

On March 29, 1929, during the same term of court at which the decree was rendered, the county and Huff filed their motion to set aside the default and the decree rendered thereon, accompanying the same with an affidavit of merits, and before

the ruling on the motion, pleaded issuably, by filing an answer to plaintiff's petition. It appears from the motion and the affidavits accompanying the same that Huff was not served with an original notice, had no knowledge or information of the pendency of the action since he became county treasurer, on January 1, 1929, and prior to the rendition and entry of the default and decree, and that he at no time prior to the default and decree had any knowledge or information of the substitution of himself as a party defendant in said action; that, because thereof, he was prevented from making a defense to plaintiff's cause of action; that the county had previously relied upon Suddick, the principal defendant, to make the defense to the action, which he had failed to do. It is alleged in the motion that the facts stated in plaintiff's petition are insufficient to entitle the plaintiff to the relief granted, and that the court was without jurisdiction to grant the relief given by the decree. This motion was overruled, and the defendants appeal.

It is apparent that the matter coming before us for our determination is the ruling of the trial court on the motion of the appellants to set aside the default and decree; for, until the default is set aside and the decree vacated by proper proceedings, it must stand as a verity. See Section 12827, Code, 1927; *Belknap v. Belknap,* 154 Iowa 213; *Bossenberger v. Bossenberger,* 210 Iowa 825; *Webster v. Cedar Rapids & St. P. R. Co.,* 27 Iowa 315. The decree was granted without the taking of evidence, and by a mere inspection of the verified allegations of the petition.

Appellants' motion was made at the same term of court, in accordance with the requirements of Section 11589, Code, 1927. The allegations of the answer filed and the averments of fact in the affidavit of merits, if true, are sufficient to show a defense to plaintiff's petition. The appellee, in his argument, states:

"The county, through its officials, levy and collect this tax. The officials who do the illegal act are the only proper defendants."

It is therefore apparent that the appellee does not rely upon the default against the county. The relief asked is an injunction against the county treasurer from selling plaintiff's

1356

property to make the amount of the alleged void and illegal taxes. The default was taken against Huff, the county treasurer at the time in question.

Jurisdiction of a defendant is obtained either by voluntary appearance or by service of an original notice, as required by the statutory law. No notice was served upon Huff, and he did not voluntarily appear before the default was taken. When default is improperly taken against a defendant over whom the court has no jurisdiction, the default should be set aside on his motion, and in that event, neither an affidavit of merits nor a showing excusing the default is required. *Hoitt v. Skinner,* 99 Iowa 360; *Brandt v. Wilson,* 58 Iowa 485; *Belknap v. Belknap,* 154 Iowa 213, 227.

It may be conceded that plaintiff's action did not abate by reason of the expiration of the term of office of Suddick, the former county treasurer. It is true that plaintiff's original cause of action was against Suddick, in his official capacity as county treasurer. The plaintiff attempted to continue the action as against Huff, the successor of Suddick, by having the substitution of Huff made as a party defendant, in lieu of Suddick. If it had been a personal action against Suddick, and the plaintiff had desired to continue the action as against his personal representative, it would have been necessary to serve the personal representative with an original notice, as required by the statutory law. See Section 10959 of the Code.

We are not required to pass upon the question as to whether or not Huff was a necessary party, or as to the validity of a decree, had a default been taken against Suddick at the time of the decree, as no such question is presented by the record. The plaintiff had not, at any time, taken default against Suddick. As suggested in *First Nat. Bank of Council Bluffs v. Burke,* 201 Iowa 994, at 996, plaintiff desired the substitution of Huff as a party defendant, in lieu of Suddick; and it was the plaintiff who had the substitution made, and without the knowledge of Huff. By having the substitution made, plaintiff conceded that Huff was a proper, if not a necessary, party defendant; and a party named as defendant should have an opportunity to defend the action.

It is true that a party who has been legally served with

notice may not have the default set aside when he is guilty of inexcusable negligence. *Byrnes v. American Mut. Fire Ins. Co.,* 114 Iowa 738; *Bossenberger v. Bossenberger,* 210 Iowa 825. But Huff did not appear before the taking of the default and decree, and was not served with notice. The taking of default as against him was not warranted. Public officers are not liable for the acts of either commission or omission by their predecessors. 46 Corpus Juris 1046. Therefore, Huff is not responsible for Suddick's failure to make defense. Huff had no opportunity to defend the action after having been named a party defendant without his knowledge, and has been clearly shown to be free from negligence. As hereinbefore stated, the appellee in argument concedes, in substance, that the official (the county treasurer) is the only proper defendant in his action, in which he asks an injunction against the officer.

The showing made by Huff meets every condition required by Section 11589 of the Code for the setting aside of the default of one duly served with notice. In *Reilley v. Kinkead,* 181 Iowa 615, we said:

"It has often been said by this and other courts that courts should be disposed to give a party a trial on the merits of his case if application to set aside the default be promptly made and the party is not clearly shown to have been negligent."

Also, see *Logan v. Southall,* 137 Iowa 372.

Our conclusion on the propositions already considered makes it unnecessary to consider other matters urged and argued by the appellants.

The action of the trial court in overruling the motion of the defendants to set aside the default and decree is erroneous, and the same is hereby reversed.—*Reversed.*