MARILYN JO BAKER, appellant, v. DARWIN T. BAKER, appellee.

No. 49061.

(Reported in 81 N.W.2d 1)

FEBRUARY 5, 1957.

M. W. O'Rieley and Clinton E. Shaeffer, both of Cedar Rapids, for appellant.

Barnes, Wadsworth, Elderkin & Locher, of Cedar Rapids, for appellee.

WENNERSTRUM, J.—Plaintiff sought a decree of divorce from the defendant and the custody of their minor daughter. The defendant was a nonresident of this state then living in Illinois. Notice to him was given by service by publication in three issues of the Cedar Rapids Gazette. Rules 60, 62, R.C.P. Appearance was required on or before March 1, 1956. On February 28, 1956, a general appearance was filed on behalf of the defendant by attorneys in Waterloo, Iowa. On April 11, 1956, defendant's present counsel filed a special appearance praying that personal jurisdiction of the defendant be denied. And on May 17, 1956, these same attorneys filed an amendment to their special appear-

ance and attached affidavits of the defendant, two attorneys from Oak Park, Illinois, and also an affidavit of a Waterloo attorney who handled the matter for his firm. The plaintiff moved to strike the special appearance and the affidavits of the defendant and the Illinois attorneys. The trial court, upon submission of the two motions to strike, overruled them and sustained defendant's special appearance. An application was made to this court for permission to appeal from these interlocutory rulings. Rule 332, R.C.P. After hearing thereon permission to appeal was granted. Plaintiff has appealed.

In connection with the service of notice on the defendant it is shown that a copy of the original notice in this cause was mailed to him at his last-known address. Rule 60.1, R.C.P. On February 27, 1956, according to the affidavit of the Waterloo attorney, the defendant communicated with him by telephone and stated he was involved in a suit in the State of Iowa, that Illinois attorneys had recommended he employ an Iowa attorney, he would be in Waterloo in a few days, the appearance date in the suit brought against him by his wife would be before he arrived in Waterloo and, "* * * that he (the defendant) desired that I enter an appearance in this case on his behalf. * * * I assumed that he intended I file a general appearance. * * * when he arrived in Waterloo * * * I learned that he had intended that I file a special appearance. He related to me * * * the details of the case and I found out that it was pending in Linn County, Iowa. * * * I then arranged by telephone with the firm of Barnes, Wadsworth, Elderkin & Locher of Cedar Rapids, Iowa, to confer with the defendant concerning this litigation. I told him (the defendant) that there apparently had been a misunderstanding concerning the nature of the appearance to be filed and that he should discuss this matter with the attorneys in Cedar Rapids."

The affidavit of the defendant states that following the advice of an Illinois attorney he consulted the Waterloo law firm and, "* * * to file a special appearance for him in said cause and that through an error the aforesaid attorneys filed a general appearance in said cause. * * * That he did not at any time instruct the law firm * * * to file said general appearance."

It should be noted that on May 17, 1956, the attorneys who filed their general appearance on behalf of the defendant filed a withdrawal of their appearance in this matter.

I. Jurisdiction of a defendant is obtained in one of two ways: (1) voluntary appearance, (2) by service of original notice in the manner and form prescribed by law. Rule 50, R.C.P. Sioux County v. Kosters, 194 Iowa 1300, 1303, 191 N.W. 315; Franklin v. Bonner, 201 Iowa 516, 518, 207 N.W. 778; Dewell v. Suddick, 211 Iowa 1352, 1356, 232 N.W. 118. Under rule 65, R.C.P., a general appearance may be made by a written appearance filed with the clerk. This is what was done in this case. An appearance is a waiver of notice. Kilmer v. Gallaher, 116 Iowa 666, 669, 88 N.W. 959; Rankin v. City of Chariton, 160 Iowa 265, 274, 139 N.W. 560, 141 N.W. 424; Corn Exchange Bank v. Applegate, 97 Iowa 67, 70, 65 N.W. 1007. See also Federal Land Bank v. Jefferson, 229 Iowa 1054, 1057, 295 N.W. 855, 132 A.L.R. 1282; German Bank v. American Fire Ins. Co., 83 Iowa 491, 497, 50 N.W. 53, 32 Am. St. Rep. 316; 6 C.J.S., Appearances, section 17b, pages 49, 50.

If a party appears in person or by attorney he submits himself to the jurisdiction of the court. A general appearance prevents the entering of objections to jurisdiction for non-residence. 3 Am. Jur., Appearances, section 34, page 804. A general appearance is equivalent to personal service. Creighton v. Kerr, 20 Wall. (87 U. S.) 8, 22 L. Ed. 309, 310.

II. It is provided in rule 66, R.C.P., a defendant may appear specially, for the purpose of attacking the jurisdiction of the court, but only before his general appearance. It should be kept in mind in the instant case the special appearance was filed after the general appearance had been entered. Where a general appearance has been made a special appearance cannot be made which will effectively question the court's jurisdiction over defendant's person. 6 C.J.S., Appearances, section 24, page 67. And in Gardner v. Beck, 195 Iowa 62, 73, 189 N.W. 962, 967, this court had a situation somewhat similar to the instant case and therein stated: "* * * it appeared that defendant's counsel had first entered a general appearance in the case, and had afterwards purported to enter a special appearance, with their motion to dismiss for want of jurisdiction. The general

appearance entered in the first instance conferred full jurisdiction upon the court over the defendant. He could not thereafter escape from it by special appearance or otherwise."

■ III. A withdrawal of an appearance cannot be made after a defendant who has not been served with notice appears and thus confers jurisdiction over his person. 3 Am. Jur., Appearances, section 43, page 811; 6 C.J.S., Appearances, section 26, page 68. The appearance of the defendant cannot be annulled by the withdrawal of his attorney. Creighton v. Kerr, 20 Wall. (87 U. S.) 8, 22 L. Ed. 309, 311; Eldred v. Michigan Insurance Bank, 17 Wall. (84 U. S.) 545, 21 L. Ed. 685, 686, 687.

■ IV. The effort to question the general appearance was not timely. It was entered on February 28, 1956, and it was not until April 11, 1956, the special appearance was filed. The affidavits relative to the circumstances of defendant's arrangement with the Waterloo attorneys were not filed until May 17, 1956. And it was on this last date a purported withdrawal of these attorneys was filed. The questioning of an attorney's authority should be made promptly. 7 C.J.S., Attorney and Client, section 74a, page 883. This was not done in this case.

Upon the record presented and the authorities cited we conclude the trial court was in error in sustaining the defendant's special appearance.—Reversed.

All JUSTICES concur.