Jerome Leslie **GREEN**, Appellee,

v.

Helaine B. **SHERMAN**, Appellant.

No. 53842.

Supreme Court of Iowa.

Jan. 13, 1970.

Kindig, Beebe, McCluhan & Rawlings, Sioux City, for appellant.

Whicher & Whicher, Sioux City, for appellee.

MOORE, Chief Justice.

This is an appeal by defendant mother from a Woodbury County District Court decree modifying the terms of a Texas divorce decree permitting plaintiff father to take the parties' two minor children out of Iowa for three weeks each summer. Plaintiff cross-appeals from trial court's refusal to grant him custodial rights during a one-week period over the Christmas season and one other weekend during the year.

The parties, then both of Houston, Texas, were married in 1956. Two children were born of the marriage, Debbie Ann on September 9, 1959 and Marc on April 24, 1963. In June 1965 the mother, appellant here, was granted a divorce in Texas. The father had been associating with women of questionable character. She was awarded custody of the children with reasonable rights of visitation granted to the father, appellee here. He was ordered to pay $400 per month child support. He regularly paid the child support for about one year at which time appellant married Stanley Sherman and moved to Sioux City, Iowa. The two children have lived in the Sherman home since that marriage. Before being moved to Sioux City the children regularly visited and were frequently with their father and both sets of grandparents all of whom lived and still live in Houston. Even after the separation and divorce the relationship between appellant and her former mother-in-law continued to be cordial.

After moving to Sioux City appellant's attitude toward the Greens changed. She enrolled the children in the synagogue and school under the name of Sherman. She attempted to isolate the children from their natural father. Nevertheless the father called his children on the telephone an average of about once a week. Grandmother Green detected some reluctance of the mother to let the children speak with her on the telephone. The children were sent gifts on birthdays, at Hanukkah and at other times.

In the summer of 1967 appellee and his parents visited the children and were permitted to have them in Sioux City. A request to take the children to Houston for a visit and St. Louis to a family reunion was refused by appellant.

Appellee next saw his children during the summer of 1968 when appellant visited her parents in Houston for three weeks. He was allowed to see the children several times and take them to visit the paternal grandparents. Appellant would not permit the children to spend a night with their father or paternal grandparents.

From the date of appellant's remarriage in June 1966 until 1969 appellee paid no child support.

In the summer of 1968 a hearing was held in Houston on appellee's petition to modify the original divorce decree as to visitation and to reduce his obligation for child support. The Texas court held it had no jurisdiction with reference to the visitation or child custody application because the children were in Iowa. The Texas court reduced the total child support requirements to $250 per month in so far as any contempt might be involved but held the contractual obligation as set out in the stipulation between the parents requiring

appellee to pay $400 per month was not affected.

On November 27, 1968 plaintiff-appellee filed this equity action alleging the facts of the marriage, divorce, custody of the children, his continued residence in Houston, the Sioux City residence of the children and that there had been a substantial and material change in circumstances so that he was not able to see and visit his children and to exercise the rights granted him by the Texas divorce decree. He prayed the court either modify the Texas decree or grant visitation rights as an original decree and for general equitable relief.

Defendant-appellant thereafter filed an answer denying generally the allegations of the petition and alleging plaintiff-appellee's failure to pay child support barred him from any relief under the doctrine of "clean hands". Her cross-petition alleged that by failure to pay child support the children had been abandoned and the best interests of the children required the father's rights of visitation be terminated.

On April 15, 1969 appellee made a $1000 payment on his child support arrearage and made three $250 payments between May 14 and June 27, 1969. He has maintained a $100,000 insurance policy on his life payable to the children. At no time after her remarriage did appellant take any action to compel child support payment. Mr. Sherman was a good provider and willingly furnished a splendid home for appellant and the children.

Prior to trial appellant's special defense of lack of jurisdiction as raised by her amendment to answer was considered by Judge Lawrence W. McCormick who ruled the court had jurisdiction of both the person of defendant and the subject matter.

On trial, July 9, 1969, before Judge C. F. Stilwill the facts as stated supra were established. Plaintiff-appellee's testimony included admission of his indiscretions prior to the divorce, change of employment, description of his two bedroom Houston apartment, the very adequate accommodations in the home of his parents and his desire to know the children and have them know him. He made no attack on the care being given the children by his former wife. He testified: "I think my former wife is a fine mother, doing a good job with the children. From what little I saw of the kids last summer I don't think anybody could have raised them any better."

Appellant testified the divorce was occasioned by appellee's running around with other women and that he had little time for the children, her present home is a stable, secure home and the children are sensitive, young and impressionable. She clearly indicated she had no real concern about child support from appellee and wanted the children isolated from their natural father.

Appellant's husband, Stanley Sherman, testified as to his marriage to appellant, that he loved the children, he supports them, they go by the name of Sherman and he would like to adopt them.

The trial court's findings and conclusions include: "Although couched in language seeking custody, what the plaintiff really seeks is to make meaningful the provision of the Texas court granting him visitation rights. It is apparent that these rights cannot feasibly be exercised in Sioux City. It is recognized that the custody of children, particularly young children, should not be split or divided between the parents. (Smith v. Smith, 257 Iowa 584, 133 N.W.2d 677; Huston v. Huston, 255 Iowa 543, 122 N.E. [N.W.] 2d 892.) But permitting one parent to take the child into his home for short periods has not been viewed as 'split custody' nor has it invoked the disapproval of the Supreme Court. (Cases above and citations therein). We are, therefore, dealing with a matter of semantics to a great extent. Whether we view what plaintiff seeks as a change of custody, as the prayer states, or an implementation of visitation rights, as the court views it, is not of great

moment. But in considering the matter the rules relative to change of custody, being somewhat more stringent upon the plaintiff, will be followed. * * *

"That Mrs. Sherman's removal from Texas to Sioux City amounted to a change of circumstances cannot be doubted. (Huston v. Huston, supra). Indeed, such removal made plaintiff's right of visitation a pretty hollow thing. Nor does the court have any doubt that the best interests of these children require that they continue to know their father and his family. This is a part of their heritage to which they are entitled. To have them grow up under the name of Sherman is a grave mistake and may well lead to later heartache and embarrassment for them as well as legal implications arising out of proper identifications for various purposes.

"But the time which the children should spend with their father should not be so great as to lead to confusion or uncertainty on their part. In view of the distance which must be traveled, the court concludes that this should be for one three-week period in the summer. After 1969 it should be in June, after the school year is ended and before the summer's activities for the youngsters is in full swing. The visitation of the children with their father should be at his expense regardless of the fact that such expense is occasioned by the move of the mother. The children should be kept within the continental United States unless application is made and consent of the court is granted for specific travel. And, of course, it goes without saying that the time and extent of this summer visit may be altered by agreement of the parties. Likewise, additional arrangements may be made between the parties."

The decree entered limited appellee's right to take the children out of Iowa for the three-week period each summer. It did not change appellee's right to reasonable visitations in Sioux City. The trial court thereby denied appellee's request for a longer period, a one-week period during the Christmas season and another weekend each year. Appellant's request that all visitation rights be terminated was of course denied.

Appellant's propositions for reversal assert the trial court erred in finding, (1) it had jurisdiction either to modify the Texas decree or to accept original jurisdiction in the matter of appellee's visitation or custodial rights, (2) there was a material change of circumstances and it was for the best interests of the children appellee be granted the three-week visitation or custodial rights and (3) the failure of appellee to make support payments did not bar him a day in court under the "clean hands" doctrine.

I. The question of jurisdiction is limited to the question of the court's jurisdiction of the subject matter. Having not filed a special appearance and appearing generally appellant may not challenge the court's jurisdiction of her person. Rule 104(a), Rules of Civil Procedure; Boyer v. Iowa High School Athletic Ass'n, 258 Iowa 285, 287, 290, 138 N.W.2d 914, 916; Baker v. Baker, 248 Iowa 361, 364, 81 N.W.2d 1, 3, 64 A.L.R.2d 1421.

The court's jurisdiction of the subject matter however may be raised at any time and is not waived even by consent. Dickey v. City of Burlington, 247 Iowa 116, 118, 73 N.W.2d 96, 98, and citations. Jurisdiction of the subject matter is the power to hear and determine cases of the general class to which the proceedings belong. Hargis v. Fleck, 261 Iowa ——, 157 N.W.2d 103, 107, and citations.

In Helton v. Crawley, 241 Iowa 296, 41 N.W.2d 60, this court carefully reviewed the authorities from many jurisdictions involving the question of jurisdiction of the court to fix and supervise the custodial and visitation rights of parents of children living in the state.

The rule is now established the district court of Iowa has jurisdiction to fix and

supervise the custodial and visitation rights of the parents of a child residing in Iowa where the child's welfare is involved. York v. York, 246 Iowa 132, 142, 67 N.W. 2d 28, 34; Boor v. Boor, 241 Iowa 973, 982, 983, 43 N.W.2d 155, 160; Helton v. Crawley, supra. We find no significance in the fact this is a general equity action rather than habeas corpus. Appellee makes no claim the children were being illegally restrained. He only asks equitable relief which the Texas court has declined to consider because the children are living in Iowa. Appellant's first assigned proposition is untenable.

■ II. Our review in equity cases is de novo. Rule 334, R.C.P. In such cases, especially when considering the credibility of witnesses, we give weight to the fact findings of the trial court but are not bound by them. Rule 344(f)7, R.C.P.

Our review of the entire record leads us to agree with the findings and conclusions of the trial court except we add a requirement appellee post a bond in the amount and under the conditions as set out infra.

■ Unless the contrary clearly is shown, the best interests of the children require a continuing association with their father. Burrell v. Burrell, 256 Iowa 490, 496, 127 N.W.2d 78, 81, and citations.

■ III. In Smith v. Smith, 258 Iowa 1315, 1321, 142 N.W.2d 421, 424, and Burrell v. Burrell, 256 Iowa 490, 496, 127 N.W.2d 78, 81, we quote this from Fitch v. Fitch, 207 Iowa 1193, 1197, 224 N.W. 503, 504: "Visitation or the denial thereof should not be made to appease one parent or punish the other. Such right of visitation should be allowed or denied, according to what is best for the child. Its welfare must receive paramount consideration. Bedolfe v. Bedolfe, 71 Wash. 60, 127 P. 594;

Wilkins v. Wilkins, 84 Neb. 206, 120 N.W. 907; Waldref v. Waldref, 135 Minn. 473, 159 N.W. 1068. Unless these visitations with the father will in some way injure the child, they are not to be prohibited under the facts and circumstances of this case. *The associations between father and daughter should not be terminated merely because alimony is not paid.* The good there is in the father ought to be afforded the child, and, in addition to that, the little girl is entitled to have whatever benefit there may be in the continued acquaintance and association with her grandparents. Denial of the father's visitation may make impossible or unpleasant such desirable relationship with the grandparents." (Emphasis added here). Thus it appears the doctrine of "clean hands" has no application here.

IV. Appellant has argued appellee may not return the children to Sioux City at the expiration of the three-week visitation period and she may be exposed to further litigation and expense. The record lends little support for this contention. Appellee's counsel, however, in oral argument before this court expressed a willingness to post a reasonable bond to protect against such a contingency.

■ We hold the trial court's decree should be modified to require appellee to post a $2000 bond with the clerk of Woodbury County District Court conditioned upon his return of the children to Sioux City upon completion of the three-week visitation period. Otherwise the decree of the trial court is approved and affirmed. Costs of this appeal are taxed against appellant.

Modified and affirmed.

All Justices concur except RAWLINGS and REES, JJ., who take no part.