**Jeanette REMSBURG, Appellant,**

v.

**Galen REMSBURG, Appellee.**

**No. 54113.**

Supreme Court of Iowa.

Oct. 13, 1970.

Selby, Updegraff & Johnson, Newton, and Lucier, Wensel, McAllister, Swanson & Judkins, Des Moines, for appellant.

Baird & Bowers, Des Moines, for appellee.

LeGRAND, Justice.

This is an appeal from an order modifying a decree of divorce to grant defendant expanded rights of visitation with his children. We modify and affirm.

On May 9, 1968, Jeanette Remsburg, now Jeanette Redman, was divorced from Galen Remsburg. The decree gave custody of two minor children, Jacklyn and Stephanie, to the plaintiff-mother with "reasonable" visitation rights to defendant. The parties fixed their own visitation terms under this provision. They agreed defendant should have the children from 4:00 p. m. Saturday to 6:00 p. m. Sunday on alternate weekends. This arrangement continued until April of 1969, when plaintiff unilaterally restricted defendant's visitation to alternate Sundays from 9:00 a. m. to 6:00 p. m.

Defendant filed an application for modification of the divorce decree, alleging a substantial change in circumstances and asking for visitation rights "off the premises of the plaintiff between the hours of 6:00 p. m. Friday evening to 6:00 p. m. Sunday evening on every other weekend; for two weeks during the summertime to coincide with the defendant's vacation period; and, the following holidays on an alternate basis: Christmas, New Years, Easter, Thanksgiving, and the children's respective birthdays."

Prior to the hearing on defendant's request, plaintiff filed her own application

for modification of the original divorce decree. She, too, alleged a substantial change in circumstances and asked that the defendant's visitation rights be limited to the period from 9:00 a. m. to 6:00 p. m. on the second Sunday of each month.

The trial court dismissed plaintiff's application and allowed defendant's. The order provided he should have his minor children every other weekend from 5:00 p. m. Friday to 6:00 p. m. Sunday; for two weeks during each summer, the time to coincide with his vacation; and on the following holidays on an alternate basis: Christmas, New Years, Easter, Thanksgiving, and the children's respective birthdays.

■ Plaintiff raises the single issue that the modification order is not in the best interests of the children. Our review is de novo. Rule 334, R.C.P. In such cases, especially when considering the credibility of witnesses, we give weight to the fact findings of the trial court but are not bound by them. Rule 344(f) 7, R.C.P.; Green v. Sherman, Iowa, 173 N.W.2d 843, 847.

The parent who is given primary control over the children is said to have their "custody" while the other is designated as having "visitation rights."

■■ We have said the custody of children, particularly those of tender years, should not ordinarily be split between the parents. Smith v. Smith, 257 Iowa 584, 588, 133 N.W.2d 677, 679, and citations. Plaintiff insists the trial court's order violates this rule, but we do not agree. In Green v. Sherman, supra, (173 N.W.2d at page 845) we approved language holding that permitting one parent to take his children into his home for short periods of time did not amount to split custody. We believe this is the proper view. What we have here is simply a change in visitation rights, nothing more.

■ The standard against which provisions for custody and visitation must be measured has long been recognized to be the best interests of the child. Rule 344(f) (15), R.C.P.; Utter v. Utter, 261 Iowa 683, 685, 155 N.W.2d 419; Norenberg v. Norenberg, 168 N.W.2d 794, 796–797; Green v. Sherman, supra, 173 N.W.2d at 847. We have held changes in permanent custody, which are likely to have a more profound impact on the child, require "a much more extensive change of conditions * * * than * * * to justify a change of visitation rights." Smith v. Smith, 258 Iowa 1315, 1317, 142 N.W.2d 421, 422.

Here both parties recently remarried and established new homes. Each asserts a change of circumstances justifying new visitation arrangements. They differ only as to what those changes should be.

We agree that for purposes of visitation conditions have been substantially altered by the remarriage of both parents. The introduction into the children's world of a new wife for their father and a new husband for their mother has undeniable effect on their relationship to each.

We point out there was no difficulty between the parties until the new marriages. Then defendant demanded more liberal rights; plaintiff, on the contrary, sought to restrict visitation. There is even some evidence she tried to eliminate *all* visitation of the children with their father.

Under such circumstances courts can only try to adjust the visitation schedule so that each parent will enjoy a worthwhile parent-child relationship without harmful effect on the child's own health, morals, comfort, or happiness.

■ We have reviewed the entire record here. We believe the trial court resolved this difficult problem to the best interest of the children with one exception. We hold the provision for weekend visitation twice a month is unjustifiably upsetting and disruptive to the routine of the children. We find their best interest de-

mands this be limited to one weekend each month.

We therefore modify the trial court's order to provide defendant shall have the children one weekend, rather than two, each month from 5:00 p. m. Friday to 6:00 p. m. Sunday. The first such period shall be the second weekend after this opinion is filed.

In all other respects the order of the trial court is affirmed.

Costs of this appeal are assessed two-thirds to appellant and one-third to appellee.

Modified and affirmed.

All Justices concur.