**Myrna Ann TSCHAPPAT, nee Kluver, Appellant,**

v.

**Albert Leroy KLUVER, Appellee.**

No. 54697.

Supreme Court of Iowa.

Dec. 15, 1971.

Wunschel & Schechtman, Carroll, for appellant.

Thomas L. McCullough, Sac City, for appellee.

RAWLINGS, Justice.

Petition for modification of divorce decree by plaintiff mother, cross-petition by defendant father, each seeking sole custody of their two minor children. Trial court committed the daughter to plaintiff's care, the son to defendant. Plaintiff appeals. We affirm in part, reverse in part.

Prior to entry of the divorce decree June 20, 1969, two children were born to these parties, a son Steven now about ten and a daughter Tracey Lynn now about seven. That decree provided in part, apparently pursuant to stipulation, custody of Steven and Tracey Lynn be granted both parties. In effect, however, they have been in plaintiff's care at all times here concerned.

Both plaintiff and defendant have remarried. The former now lives in Des Moines, the latter having remained on a farm near Lake View.

In course of the modification hearing the trial judge, absent counsel, engaged in a private unrecorded interview with Steven. Largely as a result thereof the court concluded Steven has a prevailing desire to be placed with his father.

At close of all testimony trial court granted custody of Tracey Lynn and Steven to plaintiff mother and defendant father, respectively.

On appeal plaintiff contends trial court erred in, (1) conducting the closeted con-

ference with Steven; (2) dividing custody of brother and sister; (3) removing Steven from plaintiff's home.

I. Our review is de novo. Rules 334, 344(f) (7), Iowa R.Civ.P.

II. Defendant's counsel requested the aforesaid interview by trial judge with Steven. Some attempt is made to show plaintiff's attorney consented thereto, but that is totally irrelevant. Assuming, arguendo, the alleged assent was given, we placed an indelible stamp of disapproval on such procedure in Conkling v. Conkling, 185 N.W.2d 777, 785, with this statement:

"One procedural aspect on this branch of the case has caused us concern. The parties agreed the trial judge should interview the two boys in chambers alone, and this was done. The trial judge knows what the boys said but we do not, and we are required to hear and decide the case anew. Interviews in chambers on stipulation are not uncommon, but we think that customarily the reporter should make a record of them. We are inclined to think, too, that ordinarily counsel ought to be present. Otherwise the judge may have important information about the case of which counsel are unaware at the trial. If the interview is conducted tactfully by the judge and counsel remain in the background, usually the children will not be inhibited in casting light on the situation—and that is the objective of the parties' stipulation."

See Jenkins v. Jenkins, 125 Cal.App.2d 109, 269 P.2d 908, 910; In re Gibbons, 245 N.C. 24, 95 S.E.2d 85, 88; Callen v. Gill, 7 N.J. 312, 81 A.2d 495, 498–499; Dean v. Cone, 270 S.W.2d 242, 244–245 (Tex.Civ.App.).

It is instantly apparent the trial judge alone knows what was said by him and information divulged by Steven during the private conference. That in turn precludes, *inter alia*, any meaningful de novo review of the issues here present.

■ We resultantly accord no consideration to any of 'trial court's findings which flow from the aforesaid interview. See Daniels v. Daniels, 145 Iowa 422, 423, 124 N.W. 169.

III. Furthermore, as noted above, Steven was nine at time of the modification hearing. And as stated in Herron v. Herron, 258 Iowa 1052, 1059, 141 N.W.2d 562, 566:

"We feel the court's conference with Mark was given undue weight by the trial court. The wishes of a seven or eight-year-old or even a ten-year-old should be given little if any weight since they are not of an age to exercise discretion in choosing a custodian. While Mark's wishes are perhaps entitled to more consideration than Nickie's in an application for change of custody based on alleged subsequent change of circumstances, they are of less weight than if this were an original hearing on custody. (Authorities cited)."

See Annot. 4 A.L.R.3d 1396. But see Halstead v. Halstead, 259 Iowa 526, 535, 144 N.W.2d 861, 866, in which case a boy of 12 was involved.

Mindful of the foregoing we shall proceed with this de novo review, confining ourselves to admissible evidence presented in open court.

IV. The original decree herein provided, *inter alia*, " * * * in the event of the remarriage of the plaintiff the matter of Custody and Support shall be subject to review by the Court." And as observed *supra*, both plaintiff and defendant had remarried prior to the filing of their respective modification petitions.

It is thus evident child custody and attendant support was reviewable in event plaintiff remarried, absent any other change of circumstance.

Stated otherwise, the divorce decree was not final as to the specified subject. See Wells v. Wells, 168 N.W.2d 54, 57 (Iowa).

V. It will at this point be recalled, the original decree granted care of the children here concerned to both parents. That was facially tantamount to divided custody, disapproved by us in Wells v. Wells, 168 N.W.2d 54, 60 (Iowa), with this quote from Smith v. Smith, 257 Iowa 584, 588, 133 N.W.2d 677, 679:

"We have pointed out many times it is usually unwise and not for a child's best interests to be placed in one household part of the time and part time in another. In many instances such an arrangement proves destructive of discipline. Experience also shows the party who has the children for the shorter period sometimes sows seeds of discontent in them, inculcates in them a spirit of dissatisfaction and rebellion against authority and tries to wean the children away from the party in whose custody the decree placed them. (Authorities cited)."

Fortunately, however, the children have not been subjected to "split custody". Rather, as aforesaid, they have resided with plaintiff mother at all times since entry of the divorce decree. See Remsburg v. Remsburg, 180 N.W.2d 461, 463 (Iowa).

Moreover, trial court found the parties hereto have "conducted the matter of visitations and the relationships between both parents and both children with a marked and unusual degree of maturity." We agree with this finding and observe a continuation of such commendable conduct will be beneficial to these children, at the same time rewarding to plaintiff and defendant.

VI. Next to be determined is the always delicate problem regarding custodial rights between parents. See 20 Drake L.Rev. 383.

In that area it is, of course, understood this court has consistently held the child's best interests and welfare stand as the paramount and controlling factor, being superior to the claim or interest of either parent. E. g., Halstead v. Halstead, 259 Iowa 526, 144 N.W.2d 861.

■ Furthermore, custody is not to be awarded either parent as a reward or punishment. See Wells v. Wells, 168 N.W.2d 54, 60 (Iowa).

Here it appears that two competing parents and their respective present spouses would provide an equally suitable and proper home environment for these children.

■ Plaintiff contends, however, trial court, in awarding custodial rights, erroneously separated brother from sister absent reasonable and persuasive cause. We agree.

The evidence presented in course of hearing discloses plaintiff's husband possesses considerable property and earns in excess of $23,000 a year as zone manager for Monroe Auto Equipment Company. He pays his former wife $710 each month for child support and alimony. Plaintiff mother and her present spouse live in a comfortable five bedroom Des Moines home located on a spacious yard. Good schools and recreational facilities are located nearby.

Steven has there made acquaintances and enjoys the friendship of neighboring children who visit often in the Tschappat residence.

Defendant's present wife has two children by a former husband and is expecting or has now given birth to a child of her marriage to defendant. They live in a nice three bedroom house on a farm operated by defendant. Steven has expressed an interest in all farming operations, but is allergic to some things connected therewith and must stay away from them whenever possible.

While in plaintiff's care Steven and Tracey Lynn have attended church more or less regularly, maintained good school grades and presented no disciplinary problems.

With regard to the matter at hand this court's holding in Wells v. Wells, *supra*, 168 N.W.2d 60, is to the effect, neither brothers, nor brothers and sisters, should be separated except where circumstances so require. See also Remsburg v. Remsburg, 180 N.W.2d 461, 463 (Iowa).

There appears to us no persuasive circumstances justifying or necessitating the separation of Steven and Tracey Lynn.

VII. Finally this court has consistently adhered to the position, in cases such as this, it is highly desirable the status of a child be fixed as soon as possible and thereafter disturbed only for the most cogent reasons. E. g., Jones v. Jones, 175 N.W.2d 389, 391 (Iowa).

There instantly exists no cogent reason to remove Steven from his mother's home. Trial court erred in holding otherwise.

VIII. Plaintiff mother is hereby granted sole and absolute care, custody and control of Steven and Tracey Lynn and to that extent the original decree of divorce entered herein is hereby modified.

The judgment awarded plaintiff against defendant by the original decree for support of the two minor children here concerned shall remain in full force and effect.

Under existing conditions defendant is clearly entitled to visitation rights with his children. See Green v. Sherman, 173 N.W.2d 843, 847 (Iowa). In view of the fact the parties hereto have manifested mature judgment with regard to visitation privileges we deem it unnecessary to now fix or prescribe same. Defendant is accorded the right to see, visit and communicate with Steven and Tracey Lynn, and to have them visit in his home, at such reasonable times as the parties hereto shall agree upon. In event, however, the parties are unable to so agree, visitation rights shall be fixed by trial court upon proper application.

IX. For reasons set forth above we affirm the custodial award of Tracey Lynn

to plaintiff mother, reverse the grant of Steven's custody to defendant father, and remand for entry of decree in harmony herewith. See Dee v. Collins, 235 Iowa 22, 28, 15 N.W.2d 883, 887.

Costs on this appeal are taxed one-half to each party.

Affirmed in part, reversed in part, and remanded for entry of decree consistent with this opinion.

All Justices concur.